## ATLANTA, KNOXVILLE AND NORTHERN RAILWAY COMPANY *v.* WILSON, administratrix.

A suit against a railroad company for injuries sustained in a foreign State on account of the negligence of the agents and servants of the company in that State, if brought in this State, must be brought in the county where the principal office of the company is located by its charter, no different provision having been made by the General Assembly. This is true although the company may have established branch offices in another county, and its secretary, treasurer and auditor, its traffic manager, and its general manager reside in that county and from the offices there conduct the active management of the company.

Argued June 23, — Decided August 8, 1902.

Case. Before Judge Gober. Cobb superior court. December 23, 1901.

*Smith, Hammond & Smith,* for plaintiff in error, cited Civil Code, §§ 5874, 4949, 2334; *Davis* v. *Central R. Co.,* 17 *Ga.* 323;

*Bank* v. *Gibson*, 11 *Ga.* 453 ; *S. W. R. Co.* v. *Paulk*, 24 *Ga.* 356 ; *Speer* v. *A. & W. P. R. Co.*, 30 *Ga.* 135 ; *Ga. R. Co.* v. *Kirkpatrick*, 35 *Ga.* 144 ; *Conner* v. *So. Ex. Co.*, 37 *Ga.* 398 ; *City Fire Ins. Co.* v. *Carrugi*, 41 *Ga.* 660 ; *Corley* v. *Ga. R. Co.*, 49 *Ga.* 626 ; *Ga. R. Co.* v. *Seymour*, 53 *Ga.* 499; *Central R. Co.* v. *Flournoy*, 69 *Ga.* 763 ; *Coles* v. *Central R. Co.*, 82 *Ga.* 149 ; *Dade Coal Co.* v. *Haslett*, 83 *Ga.* 550; *Williams* v. *East T. R. Co.*, 90 *Ga.* 515 ; *So. R. Co.* v. *Johnson*, 96 *Ga.* 656 ; *Saffold* v. *Scot. Am. Co.*, 98 *Ga.* 786 ; *Watson* v. *R. & D. R. Co.*, 91 *Ga.* 222 ; *So. Car. R. Co.* v. *Dietzen*, 101 *Ga.* 730 ; *Jossey* v. *Ga. & Ala. R. Co.*, 102 *Ga.* 706 ; *Gilbert* v. *Ga. R. Co.*, 104 *Ga.* 416 ; *Central R. Co.* v. *State*, Id. 832 ; R. Co. v. James, 161 U. S. 555 ; Barrow S. Co. v. Kane, 170 U. S. 106 ; Galveston R. Co. v. Gonzales, 151 U. S. 496 ; Shaw v. Quincy Co., 145 U. S. 444; R. Co. v. Koontz, 104 U. S. 5; Ex parte Schollenberger, 96 U. S. 369; Ins. Co. v. Francis, 11 Wall. 210; St. Louis v. Ferry Co., Id. 423; R. Co. v. Cooper, 30 Vt. 476; Jenkins v. Storage Co., 22 Cal. 537; Cohn v. R. Co., 71 Cal. 488; Bank v. R. Co., 82 Ill. 494; Pelton v. Trans. Co., 37 O. St. 450 ; Western Trans. Co. v. Scheu, 19 N. Y. 408; Crofut v. Ferry Co., 36 Barb. 201; Holgate v. R. Co., 16 Ore. 123 ; Caldwell v. R. Co., 40 La. Ann. 753 ; W. U. Tel. Co. v. Conant, 11 Colo. 111 ; Edwards v. Bank, 1 Fla. 136; Cape Sable Co. v. Case, 3 Bland, 606 ; Thomp. Corp. §§ 7426 − 7.

*Hoke Smith & H. C. Peeples* and *Clay & Blair*, contra, cited *Williams* v. *East T. R. Co.*, 90 *Ga.* 521; *Davis* v. *Central R. Co.*, 17 *Ga.* 323 ; *Ga. R. Co.* v. *Oaks*, 52 *Ga.* 415 ; East. T. R. Co. v. A. & F. R. Co., 49 Fed. 611; U. S. v. R. Co., Id. 297; A. & F. R. Co. v. W. R. Co., 50 Fed. 790 ; Locom. Eng. Co. v. Erie, 10 Blatch. 307 ; Zambrino v. Galveston R. Co., 38 Fed. 449 ; Riddle v. N. Y. R. Co., 39 Fed. 290 ; Slavens v. So. Pac. R. Co., 51 Mo. 308 ; City of St. L. v. Ferry Co., 45 Mo. 586; Crofut v. Ferry Co., 36 Barb. 206; Glaize v. So. Car. R. Co., 1 Strobh. 70 ; Baldwin v. M. R. Co., 5 Iowa, 518 ; Richardson v. B. & M. R. Co., 8 Iowa, 262; Bank v. McKenzie, 2 Brock. 398 ; Conn. R. Co. v. Cooper, 30 Ill. 481; Bristol v. R. Co., 15 Ill. 436 ; Rothschild v. Dithredge, 22 N. Y. Civ. Proc. 314; Kennett v. Woodworth-Mason Co., 39 Atl. 585 ; 6 Thomp. Corp. § 7423.

SIMMONS, C. J.    It appears from the record that the Atlanta, Knoxville and Northern Railway Company has a line of road from

Marietta, in Cobb county, Georgia, to Knoxville, Tennessee. The part of the road which is in Georgia is operated under a charter obtained from this State. That charter located the principal office of the company in Atlanta, Fulton county, and authorized the establishment of branch offices at other places. George T. Wilson was a locomotive engineer in the employment of the company. While operating an engine and train of cars in Knoxville, Tennessee, he was killed. Letters of administration were issued to his widow, under the laws of Tennessee, and she, for the use and benefit of the widow and minor child of the deceased, brought suit against the railroad company in Cobb county, Georgia, to recover damages arising, as she alleged, from the negligence of the company's agents and servants. The petition also alleged that " the principal and general offices " of the company are situated in Marietta, in Cobb county, and that these " offices include those of the general manager, treasurer, auditor, and other officers " of the company " who are active in the management of said company's affairs." It further alleged that the company had also local offices in Cobb county. The defendant filed a plea to the jurisdiction, alleging that the superior court of Cobb county had no jurisdiction, and that the courts of Fulton county had jurisdiction, because the charter located the principal office of the company in the latter county. A copy of the charter was introduced in evidence and showed that the principal office was located in Atlanta, in Fulton county. The evidence also showed that the vice-president of the company resided in Atlanta and had an office as vice-president in Fulton county, that the president did not reside within this State, and that several of the directors resided in Fulton county. It also appeared that several of the officers had offices in Cobb county, and that all of the active business of the company, as to the transportation of freight and passengers, was conducted from these Marietta offices. The jury returned a verdict against the plea to the jurisdiction. The defendant moved for a new trial, the motion was overruled, and the movant excepted. One of the grounds of the motion for a new trial was that the court erred in charging the jury as follows: "The place of residence of a corporation is the place where the principal office is located, or where its principal operations are carried on, whence orders emanate and where the chief officers are to be found. Now the petitioner insists that this railroad company transacts no business

in the county of Fulton, that it has no office there. If it has not, as I have said, it could be sued wherever its principal office is, its general office is; and if that, gentlemen, is in the county of Cobb, why, in such a case, you would find against the plea of jurisdiction." It was also alleged in the motion that the verdict was contrary to law and the evidence.

Counsel for the defendant in error argued that this case had been virtually decided in the case of *Atlanta, K. & N. Ry. Co.* v. *Wilson,* 115 *Ga.* 171. The petition in the present case was introduced in evidence in that case, and was held to be sufficient on its face to show jurisdiction in the courts of Cobb county. An examination of the allegations as to jurisdiction, set out above, will show that the petition presents a very different case from that made by the evidence. The petition alleged that the principal office and the general offices were located in Cobb county, and there was no intimation that the charter fixed the principal office in another county. The ruling on the allegations of the petition is therefore not applicable to the case as it is now presented for decision. Under the constitution of this State all civil cases, except certain ones which are enumerated, " shall be tried in the county where the defendant resides." . This was, early in the history of this court, held to include suits against corporations as well as suits against natural persons. Subsequently the legislature passed acts allowing certain cases against a railroad company to be maintained in counties other than that fixed by the charter as the county wherein the principal office should be located. This legislation was upheld on the ground that the State could fix the residence of its creature, the corporation, in any one or more of the counties of the State, and allow suits to be brought in such counties, without violating the constitution. In cases where no such provision was made it was still held, however, that the residence of the corporation was in the county in which its charter fixed its principal office, and that suits against it must be brought in that county. The present suit for damages for an injury occurring beyond the limits of the State does not come within any of the legislation changing the general rule, and that rule must be applied. The railway company must therefore be held to be suable in such a suit in the county in which is located its principal office, and in no other. It was argued, however, that, while the charter fixed the principal office in Fulton

county, the company had in fact removed it to Cobb county by placing in the latter county its general operative offices and locating there such of its officers as took an active part in the administration and operation of the road.　We think that where the charter of a corporation fixes its principal office in a designated county, the corporation can not, without the aid of legislation or of an amendment to its charter, change its residence and principal office. In the present case it appeared that the company maintained in Fulton county at least one office, that of its vice-president. In the same county several of the directors resided.　The offices of the secretary, treasurer and auditor, and of the acting general manager were not such offices as are usually created by the charter of a corporation, but we have in the brief of evidence only a small portion of the charter of the company and can not determine what offices were created by that instrument.　The removal to Cobb county of the administrative offices and many of the corporate officers could not annul the charter provision fixing the principal office of the company, or change its residence, within the meaning of the constitutional provision as to the venue of suits.　The case of *Jossey* v. *Railway Co.*, 102 *Ga.* 706, strongly supports this view.　In that case it was held that, while the location of the principal office of a corporation, which is fixed by its charter at a particular place, can not be changed by the corporation, the mere administrative offices for the conduct of business are subject to corporate control and may be removed as the board of directors may deem best.　In the opinion in that case (p. 708), Atkinson, J., said : " It will not be seriously questioned that when the situs of a corporation is once established by its charter, unless provision is made therefor in the charter itself, the directors have not authority to change the place of the corporate abode. . . The business of a railroad corporation, because of its nature, must of necessity be conducted in places other than that fixed by its charter as the place of location of its principal office.　While the latter place must be the point at which the corporation as a corporate entity resides, it is indispensable to its business that it shall be enabled elsewhere to establish offices of a purely administrative character; and a distinction must be taken between the principal office of a corporation proper and those administrative offices which may from time to time be created by the corporation for the more convenient transaction of the business for

the conduct of which it was created.  It must have a place at which it must be sued, at which its corporate functions may be performed; but this does not negative the right to establish other places for the transaction of the industrial business of the corporation."

The charter of the present plaintiff in error fixes the location of the principal office in Fulton county, and the corporation has no right or power to remove it.  The charter fixes a definite place at which the corporation may be sued and must perform its purely corporate functions, and the corporation can not change this.  To allow such a change would not only grant to the corporation the power of legislating in this regard and of changing a legislative enactment without the assent of the legislature or of the officer to whom its power is delegated, but would make the ascertainment of the location of the principal office as difficult and uncertain a question, and one as unsatisfactory of solution, as it was made in the present case for the jury by the charge of the court quoted above. We are clear that this charge is not the law, and that the verdict of the jury was, under the facts in evidence, contrary to law.  It follows that the court below erred in overruling the motion for a new trial upon the question of jurisdiction.

The case was also tried in the court below upon the merits, and a motion for new trial made and overruled.  The refusal of a new trial in the main case is also excepted to here; but inasmuch as the decision made above renders nugatory what was done in the main case, we do not deal with the questions there made.

*Judgment reversed.  All the Justices concurring, except Lewis, J., absent.*