Savannah, Florida & Western Railway Co. *v.* Elder, for use.

Fish, J. 1. Upon the trial of an action against a common carrier for failure to comply with an application to trace freight and give the information as provided under the " tracing act " (Civil Code, §§ 2317, 2318), evidence that the defendant delivered the freight in question to the next connecting line in good order is not admissible, because the act expressly applies " where, under the contract of shipment or by law, the responsibility of each or either [common carrier] shall cease upon delivery to the next ' in good order.' "

2. The only office of a motion for nonsuit is to test the sufficiency of the plaintiff's evidence to support his petition. *Kelly* v. *Strouse*, 116 *Ga.* 872. It follows that neither the legal sufficiency of the application given under the " tracing act," nor the validity of the act itself, can properly be tested by a motion to nonsuit. See *Flewellen* v. *Flewellen*, 114 *Ga.* 403 ; *Barge* v. *Robinson*, 115 *Ga.* 41 ; *McCandless* v. *Conley*, Ib. 48.

3. The grounds of the motion for nonsuit, that the evidence failed to show that defendant had not complied with plaintiff's application, and that it did show that whatever damage was done to the freight was the result of the plaintiff's negligence, were not meritorious.

4. The provisions of the Civil Code, §§ 2317, 2318, are not unconstitutional for any of the reasons set forth in the motion for a new trial, which are substantially the same as those ruled on in *Central of Georgia Railway Co.* v. *Murphey & Hunt*, decided by this court on yesterday. Ante, 863.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., disqualified.*

Argued December 17, 1902. — Decided January 10, 1903.

Action for damages. Before Judge Candler. Thomas superior court. January 1, 1902.

*W. C. Snodgrass* and *D. H. Pope,* for plaintiff in error.