### McCALL *v.* CENTRAL OF GEORGIA RAILWAY COMPANY, and *vice versa.*

The venue of a suit against a railroad company for damages for failure to trace freight which is to be conveyed by two or more common carriers, and to give the shipper, consignee, or their assigns written information as to when, where, how, and by which carrier the freight was lost, damaged, or destroyed, and the names of the parties and their official position, if any, by whom the truth of facts set out in the information can be established, is the county where the principal office or place of business of the initial carrier is located.

Argued June 15, — Decided July 13, 1904.

Action for penalty.    Before Judge Butt.    Marion superior court.    December 21, 1903.

*W. D. Crawford*, for plaintiff.    *Little & Battle*, for defendant.

Evans, J.    The sole question presented by the original bill of exceptions is the venue of suits brought against a carrier under the Civil Code, §§ 2317, 2318, to recover damages for failure to trace freight and give the written information as provided in those sections.    The petition alleged that the plaintiff delivered to the defendant a car-load of peaches to be transported by it and its connecting carriers from Buena Vista, in Marion county, to the City of New York, and that by the contract of shipment each of the carriers transporting the freight should be responsible only for damage or loss on its own line; that when the peaches failed to arrive in due time, plaintiff notified the defendant, who was the initial carrier, to trace the goods and inform him by which carrier the same was delayed, damaged, or destroyed, and the names of the parties and their official position by whom the truth of the facts set out in said information could be established.    The petition alleged a refusal and failure by defendant to trace the freight and give the information requested, and prayed judgment for damages, which were specifically set out.    Defendant demurred to the petition, and also filed a plea to the jurisdiction of the court, which plea averred that the principal office and legal residence of defendant was in Chatham county, and that only the superior court of that county and the City court of Savannah had jurisdiction to entertain the action.    Plaintiff demurred to the plea to the jurisdiction, but admitted the averments as to the residence and principal office of the defendant, as alleged in the plea.    By consent the demurrers and plea were heard together, and the court overruled the demurrers to the petition and plea and sustained the plea to the jurisdiction.    Plaintiff assigns error on the judgment overruling the demurrer to the plea to the jurisdiction and on the judgment sustaining such plea, and the defendant, by cross-bill of exceptions, complains of the overruling of the demurrer to the petition.

The constitution requires all civil cases, with certain exceptions, to be brought and tried in the county of the defendant's residence.    Civil Code, § 5874.    The exceptions are divorce cases, cases respecting title to land, equity cases, suits against joint

obligors, joint promisors, copartners, and joint trespassers, and suits against the maker and indorser of a promissory note, or drawer, acceptor, and indorser of a bill of exchange.    Civil Code, §§ 5869, 5870, 5871, 5872, 5873.    The clause of the constitution which requires all civil cases to be tried in the county where the defendant resides applies to corporations as well as to natural persons.    *Central Bank* v. *Gibson*, 11 *Ga.* 453; *Southwestern R. Co.* v. *Paulk*, 24 *Ga.* 356; *A., K. & N. Ry. Co.* v. *Wilson*, 116 *Ga.* 192.    The residence of a domestic corporation is where its principal office or place of business is situated.    It is within the power of the legislature to make a railroad company a resident of each and every county in which the railroad is located, for the purpose of certain specified suits brought against it, but the railroad company, — the corporation, — does not cease to be a resident of the county in which its principal office or place of business is located.    *Watson* v. *R. Co.*, 91 *Ga.* 223.    " Unless the right to sue elsewhere is specially given by the statute, suits against a railroad company of this State should be brought in the county of its principal place of business."    *Central of Ga. Ry. Co.* v. *State*, 104 *Ga.* 835.    The question to be determined on this record is whether the legislature has fixed a qualified residence of a railroad company for purpose of suits of this character elsewhere than in the county of its principal office or place of business.

The only exceptions to the general rule that a railroad corporation must be sued in the county where its principal office is located are contained in the Civil Code, § 2334, which relates to actions to recover damages for injuries to person or property and actions on contract.    Suits of this kind shall be brought in the county where the cause of action originated or where the contract was made or to be performed.    The present action does not purport to be founded on a contract.    It is true a contract of affreightment is alleged, but by its very terms the defendant would be relieved from liability by showing delivery in good order to its connecting carrier.    The suit is not for the breach of this contract, but for damages for failure to furnish information as to whether there has been a breach by this defendant or by its connecting carriers.    Neither is it an action for damages to property, because there is no allegation that plaintiff's property was either damaged, delayed, or lost by the defendant while in its possession.    Plaintiff's action is predicated solely on

failure of the railroad company to observe the statutory duty imposed by the Civil Code, §§ 2317, 2318. These sections are as follows: § 2317. "When any freight that has been shipped, to be conveyed by two or more common carriers to its destination, where, under the contract of shipment or by law, the responsibility of each or either shall cease upon delivery to the next 'in good order,' has been lost, damaged or destroyed, it shall be the duty of the initial or any connecting carrier, upon application by the shipper, consignee, or their assigns, within thirty days after application, to trace said freight and inform said applicant, in writing, when, where, how, and by which carrier said freight was lost, damaged, or destroyed, and the names of the parties and their official position, if any, by whom the truth of facts set out in said information can be established." § 2318. "If the carrier to which application is made shall fail to trace said freight and give said information, in writing, within the time prescribed, then said carrier shall be liable for the value of the freight lost, damaged, or destroyed, in the same manner and to the same extent as if said loss, damage, or destruction occurred on its line." The liability of the railroad company under these sections is not incidental to the transportation of the freight, springing out of the contract of affreightment. It is in the nature of a penalty, prescribing damages for non-compliance with a statutory duty. When the railroad company refused to trace the goods and give the information, it made itself liable to the shipper by the refusal, independently of its contract. The initial carrier may have performed its contract to carry and deliver the freight in good order to its connecting carrier, yet if the freight was delayed, damaged, or destroyed after leaving its possession, the refusal to trace and give the information required by the statute would give a cause of action against the initial carrier. This cause of action is not for a breach of its contract, but for a violation of a statutory duty, and does not fall within the exception provided in the Civil Code, § 2334. It follows, therefore, that the suit to recover damages for failure to comply with the tracing act must be filed in the county where the initial carrier has its principal office or place of business.

*Judgment on main bill of exceptions affirmed; cross-bill of exceptions dismissed. All the Justices concur.*