## 1800.   ENGLISH v. CENTRAL OF GEORGIA RAILWAY CO.

Where a common carrier in this State neglects or refuses to obey an order of the railroad commission, requiring it to build a spur or side-track in a certain county and location, and suit is brought by an individual to recover for loss, damage, or injury caused thereby or resulting therefrom, the venue of the suit is in the county where the principal office or place of business of the carrier is located.

Action for damages; from city court of Oglethorpe—Judge Greer.   March 10, 1910.

Submitted May 20, 1909.—Decided January 15, 1910.

*W. W. Dykes,* for plaintiff.   *E. A. Hawkins,* for defendant.

HILL, C. J.   English sued the Central of Georgia Railway Company in the city court of Oglethorpe, to recover damages alleged to

have been sustained by him by reason of the failure of the railway company to put down a side-track near his farm in Macon county, Georgia, as required by an order of the railroad commission of Georgia, passed July 10, 1908, requiring that said side-track should be constructed by or before July 24, 1908. The defendant company filed a special plea to the jurisdiction of the city court of Oglethorpe, and, subject to this plea, it demurred generally and specially to the petition. To meet some of the grounds of the demurrer, the petition was amended; and to the petition as amended the railway company filed a demurrer on several grounds, one of them being that the city court of Oglethorpe was without jurisdiction. The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

The view we take of the question of jurisdiction will dispose of the case. The suit is brought under section 9 of the railroad-commission act of 1907 (Acts 1907, p. 78), which provides, among other things, that a common carrier shall be liable to any person or corporation for any loss, damage, or injury caused by the failure or omission of such common carrier to do any act, matter, or thing required to be done by an order of the commission, and that "an action to recover for such loss, damage, or injury may be brought in any court of competent jurisdiction by any such person or corporation." A court of competent jurisdiction is one that has jurisdiction both of the person and the subject-matter. The constitution of this State requires that all civil cases, with certain exceptions not necessary to be mentioned, shall be brought and tried in the county of the defendant's residence. Civil Code, § 5874. And this constitutional provision applies to corporations as well as to natural persons. *Central Bank* v. *Gibson*, 11 *Ga.* 453; *A. K. & N. Ry. Co.* v. *Wilson*, 116 *Ga.* 192 (42 S. E. 356.). The residence of a domestic corporation is where its principal office or place of business is situated; and unless the right to sue elsewhere is specially given by the statute, suit against a railroad in this State must be brought in the county of its principal place of business. *Central Ry. Co.* v. *State*, 104 *Ga.* 835 (31 S. E. 531, 42 L. R. A. 518). In both the plea to the jurisdiction and the demurrer on that ground it is alleged that the principal office or place of business of the Central of Georgia Railway Company is in Chatham county; and it is insisted that no other court except the superior court of

Chatham county, or the city court of Savannah, has jurisdiction of the person of the defendant. The only exceptions to the general rule that a railroad company must be sued in the county where its principal office is located are contained in §2334 of the Civil Code, which relates to actions to recover damages for injuries to person or property, and actions on contracts, and provides that suits of that kind shall be brought in the county where the cause of action originated, or where the contract was made or was to be performed. The present suit is not to recover damages for a breach of any contractual relation or for an ordinary tort. The cause of action, as plainly set out in the petition and as plainly provided by the act above quoted, is to recover damages resulting from a failure of the defendant to obey an order of the railroad commission, or, in other words, for a failure to perform a public duty imposed upon it by law. It is true that the railway company was required by the order of the commission to build a side or spur-track at a certain location in Macon county, yet the gist of the action was a refusal by the railway company to obey this order; and suit should have been brought where such refusal took place. The act that the railroad commission required to be done was of a character which is usually performed by the general officers of the company; and these are presumed to act at the principal place of business of the company. In the case of *Central Ry. Co.* v. *State,* supra, it is held: "If a railroad company of this State refuses to comply with an order passed by the railroad commissioners, requiring it to erect a depot building in a given town or city through which the line of its road passes, such refusal, in contemplation of law, is at the company's principal office or place of business; and consequently the superior court of the county in which that office is located, and it alone, has jurisdiction of an action by the State against the company for the recovery of the penalty incurred by the company in refusing to yield obedience to such order." This decision was before the act of 1907, but as to venue of suits brought by individuals to recover damages for the refusal of the railroad companies to obey the orders of the railroad commission, the act of 1907 makes no change in the law. Section 12 of the act of 1907 does provide that where the State brings an action for the recovery of a penalty, such suit "may be brought in the county of the principal office of the corporation or company in this State, or in the county of the State

where such violation has occurred and wrong shall be perpetrated, or in any county in this State through which said corporation or company operates, or where the violation consists of an excessive charge for the carriage of freight or passengers, or service rendered, in any county in which said charges are made, or through which it was intended that such passengers or freight should have been carried or through which such corporation operates." But in suits to recover damages by individuals there is no change as to the venue of such suits, section 9 of the act simply providing that such suits may be brought "in any court of competent jurisdiction." In *Central Ry. Co.* v. *State,* supra, the railroad commission ordered the railway company to erect a depot building in Monroe county. The company failed to obey the order, and was sued by the State for the penalty, the suit being brought under §2196 of the Civil Code, which was repealed by the act of 1907 as above indicated. It was contended by the State that the violation of the rule of the railroad commission and the perpetration of the wrong set forth in the petition occurred in Monroe county; but the Supreme Court held that "the wrong done  .  .  was a failure on the part of the company, through its principal officer, to obey the order of the railroad commissioners. It involved simply an omission of a duty. No agent in Monroe county was charged with this duty or had anything whatever to do with its performance, so far as the record shows. No disregard, therefore, of the mandates of the railroad commissioners occurred in that county. The wrong was perpetrated by the company through its principal officers, who failed or refused to obey the order in question. The violation, therefore, occurred in the county where the company's principal office is located, and there the wrong was perpetrated." In the present case it is not alleged that Macon county, where the suit was brought, was the principal place of business of the defendant company, or that the company had any agent or employee in that county charged with the duty and power of building a side-track. In *McCall* v. *Central Ry. Co.,* 120 *Ga.* 602 (48 S. E. 157), the question was as to venue of suits brought against a common carrier under the Civil Code, §§2317, 2318, to recover damages for a failure to trace freight and give the written information as provided in those sections, and it was held that, as plaintiff's action was predicated solely on the failure of the railway company to observe its statutory

duty, the suit to recover damages for such failure must be filed in the county where the initial carrier had its principal office or place of business.　See also *Coles* v. *Central R. Co.*, 82 *Ga.* 149 (9 S. E. 127).

We therefore conclude that the defendant company in refusing to perform the duty enjoined upon it by the order of the railroad commission, and which could only be performed by its general officers, should have been sued in the county of Chatham, where the principal office and place of business and residence of the defendant corporation was located, and that the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed.*