## SEABOARD AIR-LINE· RAILWAY v. DAVIS & BRANDON.

FISH, C. J.   An action was brought against a railway company, based on the provisions of the Civil Code, §§ 2771 and 2772, which require common carriers, on application by the shipper, to trace freight which may have been lost, damaged, or destroyed, and to inform the applicant in writing, within thirty days, of the time, place, and manner of the loss or destruction, ·and the names of the parties and their official positions, if any, by whom such facts can be established, and which provide that on failure to do so the carrier shall be liable for the value of the freight lost, damaged, or destroyed, in the same· manner and to the same extent as if such loss, damage, or destruction occurred on its own line.   *Held,* that while the liability imposed upon a railway company for failing to comply with the provisions of such code sections is in the nature of a penalty, as damages are prescribed for such failure (*McCall* v. *Central Railway Company,* 120 *Ga.* 602, 48 S. E. 157), a recovery is limited to the value of the freight lost, damaged, or destroyed; and the right of action therefor is expressly confined to the shipper, consignee, or their assigns.   It follows that such suit is not a qui tam action for the recovery of a penalty in its strict and technical sense, and therefore is not subject, as to limitation of time within which it must be brought, to the provisions of the Civil Code, § 4370, viz.: "All actions by informers, to recover any fine, forfeiture, or penalty, shall be commenced within one year from the time the defendant's liability thereto was discovered, or by reasonable diligence could have been discovered."   25 Cyc. 1055.   It does not appear from the declaration that the action was barred.   The court did not err in overruling the general demurrer to the petition, nor in refusing a new trial.

> *Judgment affirmed.   All the Justices concur.*
> FEBRUARY 28, 1913.

Action for damages.   Before Judge Conyers.   Camden superior court.   January 6, 1912.

*Bolling Whitfield,* for plaintiff in error.   *R. D. Meader,* contra.