### 6483.  FARKAS v. GEORGIA SOUTHWESTERN & GULF RAILROAD Co.

WADE, J. 1. Under a fair construction of the petition, the suit was not brought to recover damages for a breach of contract of carriage, or for a breach of the common-law duty of a common carrier, but was based on sections 2771 and 2772 of the Civil Code, as to freight shipped to be conveyed by two or more carriers, making it the duty of either the initial or any connecting carrier, on application by the shipper or the consignee, to trace freight which may have been lost, damaged, or destroyed, and to inform the applicant, in writing, within 30 days after application, of the time, place, and manner of the loss, damage, or destruction, and the names of the parties, and their official position, if any, by whom such facts can be established, and providing that on failure to supply such information the carrier shall be liable for the value of the freight lost, damaged, or destroyed, in the same manner and to the same extent as if the loss, damage, or destruction had occurred on its own line.

2. "The liability of the railroad company under these sections [2771 and 2772] is not incidental to the transportation of the freight, springing out of the contract of affreightment. It is in the nature of a penalty, prescribing damages for non-compliance with a statutory duty. When the railroad company refused to trace the goods and give the information, it made itself liable to the shipper by the refusal, independently of its contract." *McCall* v. *Central Railway Co.*, 120 *Ga.* 602, 605 (48 S. E. 157). In such a suit it is not necessary to produce the contract of affreightment, and, therefore, not necessary to set it out as a part of the original petition asking for the recovery of the penalty fixed by law. See *Davis* v. *Seaboard Air-Line Ry.*, 136 *Ga.* 278 (2) (71 S. E. 428); *Savannah, Florida & Western Ry. Co.* v. *Elder*, 116 *Ga.* 942 (43 S. E.

379). Evidence to show delivery of goods in good order to the connecting carrier is not admissible in an action based on section 2771; and hence it is not necessary to allege such delivery in good order. *Davis* v. *Seaboard Air-Line Ry.*, supra.

3. The petition as amended (though somewhat confused and uncertain) was sufficient to withstand a general demurrer, under the ruling in *Davis* v. *Seaboard Air-Line Ry.*, supra.

4. The court erred in refusing to allow the amendment, which was germane to an action based on sections 2771 and 2772.

5. The court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed.*

DECIDED DECEMBER 6, 1915.

Action for damages; from city court of Albany—Judge Clayton Jones. March 10, 1915.

The petition of Sam Farkas alleged: "(1) The defendant, the Georgia Southwestern & Gulf Railroad, is a corporation, with its principal office in the city of Albany, Dougherty county. (2) On or about January 8, 1914, the Miller Union Stock Yards delivered to the A., B. & A. Railroad at Atlanta, Georgia, mules consigned to Sam Farkas at Albany, Georgia. (3) Defendant . . is a connecting carrier with the initial carrier, A., B. & A. Railroad, and . . participated in the transportation of the mules from Atlanta, Georgia, to Albany, Georgia; said mules having been brought to their destination by the Georgia Southwestern & Gulf Railroad. (4) Upon arrival of said mules one mule appeared to be injured, and died a few hours later from the injury received during transportation. Said mule was of the value of two hundred dollars ($200.00); therefore plaintiff has been injured in the sum of two hundred dollars. (5) On April 3, 1914, Sam Farkas applied to the Georgia Southwestern & Gulf Railroad, by written application (a copy of which is hereto attached and marked 'Exhibit A'), to trace said car of mules and give the notice required by section 2771 of the Civil Code of Georgia. (6) The Georgia Southwestern & Gulf Railroad has failed to trace said car of mules or give the notice as required by section 2771 of the Code of Georgia." The petition contained a second count, identical with the preceding count except in the 2d and 4th paragraphs, which were as follows: (2) "On or about December, 1912, the Miller Union Stock Yards delivered to the A., B. & A. Railroad at Atlanta, Georgia, mules consigned to Sam Farkas at Albany, Georgia." (4) "During the transportation of the mules shipped on or about De-

cember, 1913, one mule was injured, to the damages of twenty-five dollars ($25.00) to the plaintiff, both hind legs of the mule being badly cut and skinned." The petition prayed for "judgment against the defendant, and that process issue," etc. A copy of the application referred to as "Exhibit A" was attached to the petition.

The proposed amendment, which the court refused to allow, added the word "Company" to the name of the defendant, and substituted for paragraph 2 in each count the following paragraph: "On or about January 8, 1914, Miller Union Stock Yards delivered to the A., B. & A. Railroad at Atlanta, Georgia, mules consigned to Sam Farkas at Albany, Georgia, and, as a part of the agreement between the Miller Union Stock Yards and the A., B. & A. Railroad, said railroad was not to be liable for damage caused by other railroads in transportation of the stock." It was proposed to amend paragraph 4 of the first count so that it should read as follows: "Upon arrival of said mules one bay mare mule, four years old, weighing about 1150 pounds, appeared to be injured, and died a few hours later from internal injuries received during transportation. The death of said mule was admitted by defendant's company to have been caused by injuries during transportation. Said mule was of the value of $200.00; therefore plaintiff has been injured in the sum of $200.00." It was proposed to amend paragraph 4 of the second count so that it should read as follows: "During transportation of the mules shipped on or about December, 1913, one mouse-colored mare mule, about six years old, was injured, to the damages of $25.00 to the plaintiff, both hind legs of the mule being badly cut and skinned."

*Leonard Farkas,* for plaintiff.

*R. J. Bacon, R. H. Ferrill,* for defendant.