20460. STATE HIGHWAY DEPARTMENT *et al. v.*
SOUTHERN RAILWAY COMPANY.

Mobley, Justice. Southern Railway Company brought its petition against the State Highway Department of Georgia and against John E. Quillian, George L. Mathews, and Roy F. Chalker, as members of the State Highway Board, in the Superior Court of Hall County, the county of residence of Quillian, praying that they be temporarily and permanently enjoined from trespassing upon described property of the plaintiff in Cobb County. The State Highway Department of Georgia filed its plea to the jurisdiction, contending that, under the provisions of Code § 95-1619, the action would lie only against the State Highway Department of Georgia and not against the members of the Highway Board, and that, being an action in trespass, it should have been brought in Cobb County, where the trespass was alleged to be occurring. The plaintiff filed demurrers to the plea to the jurisdiction, which the trial court sustained. Exception is to that ruling. The defendants filed general and special demurrers to the petition, which the trial court, except as to one ground of special demurrer, overruled, to which judgment the defendants except. The plaintiff filed demurrers to the answer of the defendants, which were sustained on certain grounds, to which judgment the defendants except. *Held:*

1. "In all pleas to the jurisdiction of the court, it must appear that there is another court in this State which has jurisdiction of the case." Code § 81-502. In the plea to the jurisdiction of the defendant State Highway Department, it is not made to appear that there is another court in this State which has jurisdiction of the case. The State Highway Department contends in its plea that, under Code (Ann.) § 95-1619, which provides that "All suits brought ex delicto shall be brought in the county in which the cause of action arose," Cobb County has jurisdiction because the petition shows on its face that the

action alleged is a trespass upon property in Cobb County; and this being an action ex delicto, that county would have jurisdiction. However, the petition seeks a temporary and permanent injunction against the defendants. It is, therefore, clearly an action in equity; and the Constitution requires that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Article 6, section 14, paragraph 3, Constitution of Georgia (Code, Ann., § 2-4903). The plea does not show that any defendant against whom substantial equitable relief is prayed is a resident of Cobb County. We construe Code (Ann.) § 95-1619, not as an attempt to fix the venue in equity cases in violation of the Constitution of the State, but as fixing the venue in the described class of cases other than equity cases. Assuming, but not deciding, that it is correct that the action should, under Code (Ann.) § 95-1619, be brought against the State Highway Department of Georgia and not the individual members of the State Highway Board, the defendant State Highway Department of Georgia does not set out in its plea in what county the department has its residence or principal place of business or in what court such equitable relief might properly be sought. In the absence of its being made to appear in the plea to the jurisdiction that another certain court does have jurisdiction, the plea is defective and subject to general demurrer. Code § 81-502; *Ridling* v. *Stewart*, 77 *Ga.* 539 (1); *Akers* v. *High Co.*, 122 *Ga.* 279 (3) (50 S. E. 105); 71 C. J. S. 282, § 133 (b). An allegation that another named court has jurisdiction, which on its face shows that such court does not have jurisdiction, would not meet the requirements of Code § 81-502 that in the plea to the jurisdiction, ". . . it must appear that there is another court in this State which has jurisdiction of the case." The trial court properly sustained the demurrer to the plea to the jurisdiction.

2. Paragraph one of the defendants' answer, contending that the only county having jurisdiction of this cause, under Code (Ann.) § 95-1619, was the Superior Court of Cobb County, was properly stricken on demurrer, as under the Constitution of the State suits in equity must be brought in the county of the residence of one of the defendants against whom substantial relief is prayed, and it is nowhere alleged in the petition that any of the defendants is a resident of Cobb County. While any provision in Code (Ann.) § 95-1619 to the contrary

would be in violation of the Constitution and of no force and effect, as heretofore stated, Code (Ann.) § 95-1619 does not purport to fix venue in equity cases.

3. Paragraphs 14 and 15 of the defendants' answer—alleging that the defendant State Highway Department, in cooperation with the Bureau of Public Roads of the Federal Government, has entered into a contract for the improvement of the highway where the trespass is alleged to be occurring; that the Bureau of Public Roads has committed itself to pay two-thirds of the cost of the improvements; that the defendant State Highway Department acts as the operating agency in preparing the plans, etc., and in executing the contract; that the funds allocated by the United States government are certain emergency funds appropriated to get road projects under way quickly to provide employment for unemployed persons; that one of the conditions of the allocation of funds was that the right-of-way should already have been procured and the work begun not later than December 1, 1958; and that, in order to meet such conditions, the State Highway Department selected roads for improvement in which the right-of-way had already been procured—were clearly subject to the demurrer of the plaintiff that the allegations were redundant and surplusage and failed to set forth any matter in defense or in satisfaction and avoidance or other matter relative to a defense against the petition, and were properly stricken on demurrer.

4. The general demurrer alleges that the petition does not sufficiently allege title to the lands in question, and plaintiffs in error argue in their brief that their ". . . general demurrer was based mainly upon the failure of the plaintiff to properly show that the plaintiff had title" to the property involved. The petition alleges that the "petitioner is the owner in fee simple of certain lands located in Cobb County, Georgia, described as follows . . ." Then follows a description of the property by metes and bounds, an allegation that the property is further described in specified deeds and by a plat attached to the petition with the property in controversy shaded in red. The petition alleges adverse possession of the described property for forty years. The plaintiff was not required to allege the source of his title or to attach an abstract of title. " 'In a petition for injunction against the commission of a trespass on land, upon the ground that the defendant is insolvent and

74

the damages will be irreparable, it is essential for the plaintiff to allege title in himself or actual possession of the land. In such a case the plaintiff is not required to attach an abstract of his title, 'but an unqualified allegation that he is the true owner of the land is sufficient to withstand a demurrer.' *Chancey* v. *Johnson,* 148 *Ga.* 87 (95 S. E. 975). 'An allegation that a party is the owner of specified realty is an allegation of an ultimate fact and not a conclusion of law.' *Domin* v. *Brush,* 174 *Ga.* 32 (161 S. E. 809). The instant petition, unqualifiedly alleging that the plaintiffs owned the land on which the acts of trespass were being committed, was sufficient to withstand the demurrer on the ground that the plaintiffs' title was not shown thereby. See *Fletcher* v. *Fletcher,* 123 *Ga.* 326 (2) (51 S. E. 418)." *Gray* v. *Bradford,* 194 *Ga.* 492, 494 (22 S. E. 2d 43). The trial court properly overruled the defendants' demurrer.

5. There was no error in overruling the defendants' special demurrers to the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1959—DECIDED MAY 8, 1959.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Ariel V. Conlin, Deputy Assistant Attorney-General,* for plaintiffs in error.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* contra.