49827. JAHNCKE SERVICE, INC. et al. v.
DEPARTMENT OF TRANSPORTATION et al.

MARSHALL, Judge.
The appeal involves the questions of whether or not a declaratory judgment action was proper under the Declaratory Judgment Act (Ga. L. 1945, p. 137; 1959, pp. 236, 237; Code Ann. § 110-1101) and what is the proper venue in this suit brought by the Department of Transportation. Jahncke performed highway construction work in Camden County, Georgia, under contract with the Department of Transportation. Upon completion of the work, Jahncke made a written claim against the department for additional expenses incurred as a result of unforeseen circumstances in certain aspects of the highway construction. Unable to reach a decision as to the validity of the claim, the department brought this action for declaratory judgment against Jahncke in the Fulton County Superior Court, five months after the claim was made.

The department's complaint states that the plaintiffs (the department and Thomas D. Moreland, State Highway Engineer) are fearful and uncertain as to whether or not it should pay the claim or any part thereof; that if it denies the claim it will subject itself to a possible future lawsuit concerning the claim; that the unresolved claim causes delay in the awarding of other construction projects; that if the department pays the claim it is fearful that it will thereby make an unlawful gift of state tax funds; that if the claim arises under the contract, it is barred by a provision thereof; and that it believes that Jahncke is not legally entitled to the extra compensation claimed. Jahncke moved to dismiss the action because (1) the action was not a proper one for declaratory judgment; (2) there was improper venue, and (3) Thomas D.

Moreland was not a proper party plaintiff. The trial court denied the motion and certified the case for immediate review. *Held:*

1. The department's motion to strike Jahncke's brief is denied. Nevertheless, attachments "C" through "G" to Jahncke's brief are not considered by the court as they do not appear as part of the record. "The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error." *Finley v. Franklin Aluminum Co.,* 132 Ga. App. 70, 71 (207 SE2d 543).

2. The threshold determination is whether or not this suit is a proper subject for declaratory judgment under Code Ann. § 110-1101. "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." *Rowan v. Herring,* 214 Ga. 370, 374 (105 SE2d 29); *Pinkard v. Mendel,* 216 Ga. 487 (117 SE2d 336); *Poole v. City of Atlanta,* 117 Ga. App. 432 (160 SE2d 874). "[W]here there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. [Cits.]" *Savannah Theatres Co. v. First Fed. Sav. & Loan Assn.,* 93 Ga. App. 487, 489 (92 SE2d 217).

Here, Jahncke has completed work under a contract and has made a claim against the department for additional expenses. The department takes the position, and it is supported by the record, that it has not denied the claim nor taken any firm position relative to the Jahncke claim. It appears from correspondence in the record that the department and Jahncke have negotiated on several occasions and that Jahncke has not been satisfied as to proposals for settlement, but there is no evidence that the department has denied Jahncke's claim altogether.

We disagree with Jahncke's contention that the

department cannot have three alternatives open to it; to deny the claim, to pay it, or to be undecided about it. It was a purpose of the Declaratory Judgment Act to create an avenue whereupon this third alternative could be exercised. It permits a person to seek direction from the courts without having to make a decision which "without such direction might reasonably jeopardize his interest." If the department denies the claim, it will subject itself to being sued at some indefinite time in the future. If it pays the claim, it will be making a gift of state tax funds. It is not grounds for denial of relief that the declaratory judgment action anticipate another proceeding. 1 Anderson, Actions for Declaratory Judgment, § 229 (1959).

Nor do we agree with Jahncke that all rights have accrued, in which case declaratory relief is improper. *Womble v. Georgia State Bd. of Examiners in Optometry,* 221 Ga. 457 (145 SE2d 485); *Salomon v. Central of Georgia R. Co.,* 220 Ga. 671 (141 SE2d 424); *Allen Publications v. Georgia Assn. of Petroleum Retailers,* 219 Ga. 665 (135 SE2d 330); *Poole v. City of Atlanta,* 117 Ga. App. 432, supra; *Lumbermens Mut. Cas. Co. v. Moody,* 116 Ga. App. 2 (156 SE2d 117); *Reliance Ins. Co. v. Brooks Lumber Co.,* 101 Ga. App. 620 (115 SE2d 271). In all these cases and in others where the courts have found that rights have accrued, the plaintiffs seeking the declaration of their rights had already denied the claim or had otherwise taken a firm position as to their rights or liabilities. Those plaintiffs were not "walking in the dark" *(Venable v. Dallas,* 212 Ga. 595 (94 SE2d 416)), but had affirmatively acted. We think that because the department has not acted, the rights of the parties have not accrued, uncertainty still exists and the right to declaratory judgment is still alive. See *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.,* 132 Ga. App. 332 (208 SE2d 170).

3. The department brought its complaint for declaratory judgment in Fulton County where Jahncke, a nonresident corporation, has its registered office for service of process. The department contends venue was proper in Fulton County under Art. VI, Sec. XIV, Par. VI of the Constitution of Georgia (Code Ann. § 2-4906), which provides, "All other civil cases shall be tried in the county

where the defendant resides . . ." and under Ga. L. 1968, pp. 565, 584 (Code Ann. § 22-404 (b)), which provides, "For the purpose of determining venue . . . each foreign corporation authorized to transact business in this State shall be deemed to reside in the county where its registered office is maintained . . . The residence established by this subsection shall be in addition to, and not in limitation of, any other residences that any domestic or foreign corporation may have by reason of other laws."

Jahncke contends that venue is controlled by the new Code of Public Transportation, Ga. L. 1973, pp. 947, 983 (Code Ann. § 95A-304 (b)), which provides, "All suits brought ex contractu by or against the department shall be brought in a county where any part of the work is to be or has been performed. All other suits by or against the department shall be brought in the county in which the cause of action arose." We note that the Declaratory Judgment Act has no special venue provision.

Jahncke seeks a construction of these statutes that would make Code Ann. § 95A-304 (b) the *exclusive* venue provision for suits by or against the Department of Transportation which arise from contracts. He cites authority for the position that special venue statutes of this nature are not repugnant to the constitutional provisions establishing venue in the county of defendant's residence. *Dependable Insurance Co. v. Gibbs,* 218 Ga. 305 (127 SE2d 454); *Jefferson Fire Ins. Co. v. Brackin,* 140 Ga. 637 (79 SE 467); *Central Ga. Power Co. v. Stubbs,* 141 Ga. 172 (80 SE 636). He also cites cases wherein the courts have inferred that special venue statutes would have been applicable had the action been of the class specified in the venue statute. *State Highway Dept. v. Southern R. Co.,* 215 Ga. 71 (108 SE2d 699); *McCall v. Central of Ga. R. Co.,* 120 Ga. 602 (48 SE 157). And he cites many cases wherein a contractor has sued the department in counties other than Fulton. *State Highway Dept. v. Hewitt Contracting Co.,* 221 Ga. 621 (146 SE2d 632); *State Highway Dept. v. Knox-Rivers Const. Co.,* 117 Ga. App. 453 (160 SE2d 641); and *Western Contracting Corp. v. State Highway Dept.,* 125 Ga. App. 376 (187 SE2d 690), and others.

All of the cases cited by Jahncke stand for, or at least

infer, the proposition that venue is proper under a particular venue statute even though not brought in the county of defendants' residence. However, in none of these cases, and in no other authority in Georgia, do we find the rule that the venue provided by a special statute is exclusive of venue provided by other statutes. It is noted that in every case cited by Jahncke the action is brought either under the general venue statute or under a special venue statute and the courts find proper venue, rejecting objections by one of the parties that venue under one or the other is exclusive. See e.g. *McCall v. Central R. Co.,* 120 Ga. 602, supra where the court went to some lengths to explore the question of applicability of a special venue statute which provided that suits for injuries or in contract *shall* be brought where the action arose or the contract performed. The court said: "It is within the power of the legislature to make a railroad company a resident of each and every county in which the railroad is located, for the purpose of certain specified suits brought against it, but the railroad company, — the corporation, — does not cease to be a resident of the county in which its principal office or place of business is located. [Cit.]" *McCall,* supra, p. 604.

Applied to the present case, this means that Jahncke could have sued the department in Camden County based on Code Ann. § 95A-304 and the department would not succeed on an objection that venue under Code Ann. § 2-4906 and Code Ann. § 22-404 (b) were exclusive and required the suit be brought in Fulton County, where Jahncke resided. We have found no authority that special venue statutes are exclusive and the inference in the cases is that they are cumulative of other venue statutes.

4. Thomas Moreland is not a proper party plaintiff (he has no "legal, protectible interest," *Brown v. Lawrence,* 204 Ga. 788, 791 (51 SE2d 651)) but his misjoinder is not grounds for dismissal of the action. It is proper in this case to treat Jahncke's motion to dismiss for failure to state a claim in favor of Thomas Moreland upon which relief can be granted, as a motion to strike Thomas Moreland an improper party plaintiff. Civil Practice Act § 21 (Code Ann. § 81A-121). The motion in this regard should have been granted.

Except as stated in Division 4 of this opinion, the trial court's denial of Jahncke's motion is affirmed.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 1, 1974 — DECIDED FEBRUARY 6, 1975 — REHEARING DENIED FEBRUARY 25, 1975 —

*Smith, Currie & Hancock, Luther P. House, Jr., Aubrey L. Coleman, Jr., Stone, Pigman, Walther, Wittman & Hutchinson, Ewell P. Walther, Jr., Anthony M. DiLeo,* for appellants.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, Marion O. Gordon, G. Thomas Davis, Assistant Attorneys General, Harold N. Hill, Jr., Deputy Assistant Attorney General,* for appellees.