HARTELL, Trustee, *vs.* SEARCY.

A party is not entitled to the judgment of two separate and independent tribunals, upon the same subject matter. and a judgment rendered in one, will be a bar to a second hearing in the other; and, upon proof of the first judgment, the case pending before the other tribunal will be dismissed.

Trover, in Talbot Superior Court. Decided by Judge WORRILL, at the September Term, 1859.

This was an action of Trover, brought by Firman Hartell, as the trustee of Mrs. Louisa E. Cuthbert, against William Searcy, to recover damages for the alleged conversion of certain negro slaves.

The action was dismissed in the Court below, and the decision was excepted to, and brought before this Court by writ of error, returnable to the January Term, 1860. That term being pretermitted, for providential cause, the case went over to the next succeeding term, at which time, a motion was made by counsel for defendant in error, to dismiss the writ of error, on the ground that the plaintiff, notwithstanding the pendency of the writ of error in this case, commenced an action for the identical property, against the defendant, in the Sixth Circuit Court of the United States, for the Southern District of Georgia, in which judgment was duly rendered in favor of the defendant, at the April Term, 1860. The facts on which the motion rested, were verified by affidavits; but this Court, requiring the better and higher evidence furnished by an exemplification of the Circuit Court judgment, the case was continued, to enable the counsel for defendant to obtain that exemplification.

Counsel for the defendant at this term, appear in Court, with the exemplification of the said judgment in the United States Circuit Court, and renew the motion to dismiss the writ of error.

JOHNSON & SLOAN for the motion.

LEVI B. SMITH *contra.*

Hartell *vs.* Searcy.

*By the Court.*—LUMPKIN, J., delivering the opinion.

A party is not entitled to prosecute a suit for the same cause of action in different Courts, or in the same tribunal, at the same time.   Where the State and Federal Courts have concurrent jurisdiction, the rule is, for that Court to have precedence which first obtains jurisdiction.   Here the action was brought first in Talbot county, but was dismissed; a bill of exceptions was certified and filed, but before the case could be heard, the plaintiff renewed his action in the Sixth Circuit Court of the United States, for the Southern District of Georgia.   The defendant, willing to litigate in that forum, appeared and defended the case there, and a judgment has again been rendered in his favor.   Upon proof of these facts, he moves to dismiss the writ of error pending in this Court; and we think he is entitled to do so.   Unless the case is reinstated by the judgment of this Court, the defendant could not plead the judgment in the Circuit Court to the case in Talbot, there being no case pending in that Court. And we do not think he is entitled to the judgment of this Court upon the case which he brought up, but consider it abandoned by the subsequent proceedings of the Circuit Court.   Every party is entitled to his day in Court, but no party is entitled to a day in two Courts upon the same subject matter.   The judgment of either, having competent jurisdiction, should be final and conclusive in the premises.

Judgment: that the writ of error be dismissed.