### 11202.  HOLDERNESS v. HUTCHESON MANUFACTURING CO.

JENKINS, P. J.  1. Where a contract of purchase and sale is entire, the buyer may promptly rescind for a deficiency in the quantity of the commodity delivered; but where, on reporting a deficiency, he does not elect to rescind, but on the contrary retains the goods and renders an account setting forth the quantity claimed to have been actually received, together with a statement of the payments theretofore made thereon at the contract price, and the balance due in accordance with the alleged deficiency, if the seller retains such payments under such notice, even though protesting against the reported shortage, such conduct on the part of the purchaser and the seller amounts to a mutual waiver of the original terms to the extent of rendering binding and unconditional the sale of the undisputed items.

2. Where it appeared and was admitted that the purchaser proved to have been in error as to the shortage thus claimed and reported by him, and the judge properly submitted to the jury the issue between the parties as to whether at the time of such erroneous report the remaining portion of the goods included by the terms of the original sale was withheld (as contended by the seller), or whether it remained the intention of the parties that the sale should include the actual and entire list of commodities, subject only to an adjustment of the dispute as to the quantity received and owed for, the seller denying that he had accepted payment for the disputed items, the purchaser contending that he had, it was error for the judge to charge the jury, in substance, that before the plaintiff in trover (who was the seller)

could recover, he must show that he had restored or offered to restore the amounts thus received and accepted by him in payment on undisputed items of the sale.

3. The error in rejecting testimony as complained of in the 2d ground of the amendment to the motion for a new trial, was cured by the subsequent admission of the same evidence.

4. The assignment of error made by ground 17 of the motion for a new trial is without merit, since there was a disputed issue as to whether or not the holder had stored the cotton with the defendant with the right and privilege on the defendant's part to work up and consume the same in its mill whenever it might desire, paying the seller the market price therefor on any date on which he should demand a settlement. If the cotton was stored with such a privilege on the defendant's part, an action in trover would not lie therefor after the cotton had been actually consumed under such authority.

5. The remaining grounds of the motion for a new trial are based on matters not likely to arise on another trial, and therefore are not dealt with.

*Judgment reversed. Stephens and Smith, JJ., concur.*
DECIDED AUGUST 13, 1920.

Trover; from city court of Carrollton — Judge Beall. November 3, 1919.

*S. Holderness, Willis Smith, Buford Boykin, Watkins, Russell & Asbill*, for plaintiff.

*Lloyd Thomas, C. E. Roop,* for defendant.