25247. SHEPHERD v. SHEPHERD.

SUBMITTED JUNE 12, 1969—DECIDED JULY 10, 1969—
REHEARING DENIED JULY 24, 1969.

*Pierre Howard,* for appellant.

*James R. Venable, H. H. Hutchins,* for appellee.

MOBLEY, Justice. ■ In the divorce, alimony, and child custody case between Charles Richard Shepherd and Jana Lou Clanton Butler Shepherd, notice of appeal was filed by the husband "from the order dismissing the motion to vacate and finding the plaintiff in contempt entered in this action on May 2, 1969."

Motion to dismiss the appeal has been filed by the wife on the ground that there is no order or judgment in the record such as that specified in the notice of appeal. Two orders dated May

2, 1969, are in the record, one denying a motion to vacate an order of December 19, 1968, and the other finding the husband in contempt of court for failure to pay attorney's fees.

From a consideration of the notice of appeal and the enumeration of errors, it appears that the appeal is from both of the orders entered on May 2, 1969, and the motion to dismiss is denied. See Ga. L. 1968, pp. 1072, 1074 (*Code Ann.* § 6-809).

■ The first assignment of error asserts that the order entered December 19, 1968, which temporarily awarded specified personal property to the wife, and ordered the husband to pay $1,000 to attorneys for the wife, was not a valid order because the court had no jurisdiction to enter the order. Assignments of error 2 and 3 complain that the order of December 19, 1968, directing that the husband be arrested and placed in jail for contempt of the order previously rendered on the same day requiring him to deliver specified personal property to the wife, was void on the ground that there had been no contempt of a valid order.

Temporary alimony and contempt orders are appealable by direct appeal. Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701). It was too late for an appeal from the orders of December 19, 1968, when the notice of appeal was filed on May 8, 1969. Ga. L. 1965, pp. 18, 21, as amended (*Code Ann.* § 6-803).

■ Enumerated errors 4 and 5 contend that the court erred in its order of May 2, 1969, denying the husband's motion to vacate the orders of December 19, 1968, and in its order of the same date, finding the husband guilty of contempt for failing to pay attorney's fees, because the court did not have jurisdiction to issue the orders of December 19, 1968.

The motion to vacate was based on the contention that the husband and his counsel were not served with the wife's pleading of December 10, 1968, in which she prayed for attorney's fees, and had no notice that temporary alimony and possession of the personal property would be considered at the hearing of December 16, 1968, but thought the hearing was for the purpose of deciding temporary custody of the minor child. It was alleged that no mention was made of attorney's fees or personal property at the hearing.

In the wife's answer to the motion to vacate she alleged that a copy of the pleading filed by her was sent to an attorney of record for the husband, and that the husband and his present attorneys had notice of the pleading filed by her. She alleged that the judge signed the order for attorney's fees after it was dictated and agreed to by attorneys for both parties.

The order denying the motion to vacate recites that it was entered "after hearing arguments thereon, and after consideration thereof. . ." The order finding the husband in contempt for failure to pay the attorney's fees recites that it was entered "after hearing evidence and arguments thereon. . ." The husband specified no transcript of proceedings at the hearing on these matters.

The burden is on the party alleging error to show it affirmatively by the record. *Richmond Hosiery Mills v. Hayes,* 146 Ga. 240 (2) (91 SE 54); *Campbell v. Powell,* 206 Ga. 768 (3) (58 SE2d 829). Since there is nothing in the record to show that the orders of December 19, 1968, were entered without due notice to the husband, except the pleading of the husband which was controverted by the wife, we must assume that the trial judge correctly denied the motion to vacate, and properly found the husband in contempt for failure to pay the attorney's fees.

■ In the sixth assignment of error it is asserted that the court erred in finding the husband guilty of contempt on the ground that the citation for contempt had never been served upon him.

Under Ga. L. 1966, pp. 609, 615, as amended (*Code Ann.* § 81A-105 (b)) it is provided: "Whenever under this Act service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last-known address or, if no address is known, by leaving it with the clerk of the court."

The wife filed her citation for contempt on April 7, 1969. The judge ordered that the matter be heard on April 18, and

that the citation be served on the husband personally. On the latter date the judge entered an order reciting that the sheriff or his lawful deputies had not been able to serve the husband, postponing the hearing until April 25, and ordering that the citation be served on the husband and his attorneys. Attorneys for the wife certified that on April 18, 1969, they served attorneys for the husband with citation and order by mailing copies thereof to his attorneys. Personal service is shown on the husband on April 25, 1969, by a deputy sheriff. The order was entered on May 2, 1969.

Under the circumstances of this case, as they appear from the record, we cannot say that there was not sufficient compliance with the law in regard to service.

*Judgment affirmed. All the Justices concur.*