26154.   DAVIS et al. v.
WARE COUNTY BOARD OF EDUCATION et al.

UNDERCOFLER, Justice. Isaac J. Davis and others filed a complaint in the Superior Court of Ware County, Georgia, against the Georgia Education Authority (Schools) and the Ware County Board of Education. Each defendant filed a plea to the jurisdiction of the Ware County court on the basis that the Georgia Education Authority (Schools) Act (Ga. L. 1951, pp. 241, 258, § 22; *Code Ann.* § 32-1422a) provides that any action which pertains to the validation of any bonds issued under the provisions of said Act shall be brought in the Superior Court of Fulton

County, Georgia, which court has exclusive original jurisdiction thereof. The trial court on June 5, 1970, sustained the pleas to the jurisdiction and certified each judgment for immediate appeal.

On June 10, 1970, Isaac J. Davis and the others filed a complaint in the Superior Court of Fulton County, Georgia, against the same defendants. On June 25, 1970, the trial judge in the Fulton County litigation advised the parties orally of his decision. His decision was made in writing on July 8, 1970, and was a final judgment on the merits of the complaint adverse to the complainants' contentions. The rulings of the trial judge in the Fulton County case are now before this court for review in *Georgia Education Authority (Schools) v. Davis,* 227 Ga. post.

On June 29, 1970, the complainants in the Ware County litigation timely filed a notice of appeal from the judgment of the trial court sustaining the pleas to the jurisdiction of each of the defendants.

The Georgia Education Authority (Schools) and the Ware County Board of Education filed a motion to dismiss the appeal from the Ware County judgment on the pleas to the jurisdiction. The motion to dismiss asserts that the appellants after such Ware County judgment sued them in the Fulton Superior Court on the same cause of action, that the action in the Fulton Superior Court was pursued to final adjudication on its merits and adverse to the appellants' contentions, that after the oral announcement of the Fulton County court's decision, the appellants filed a notice of appeal from the judgment on the pleas to the jurisdiction in Ware County, Georgia. *Held:*

"A party is not entitled to prosecute a suit for the same cause of action in different courts, or in the same tribunal, at the same time." *Hartell v. Searcy,* 32 Ga. 190, 191. See in this connection *Code* § 3-601. After the pleas to the jurisdiction of the Ware County court were sustained, the appellants acquiesced in such rulings by filing a complaint against the appellees in Fulton County, Georgia. Upon proof of these facts, the appellees moved to dismiss the appeal from the Ware County court. We do not think the appellants are entitled to the judgment of this court on the Ware County case but consider it abandoned by the subsequent proceedings brought in Fulton County in which every

issue raised in the Ware County litigation could have been raised. "Every party is entitled to his day in court, but no party is entitled to a day in two courts upon the same subject-matter." *Hartell v. Searcy,* supra.

*Appeal dismissed. All the Justices concur.*
ARGUED OCTOBER 13, 1970—DECIDED DECEMBER 3, 1970.

*Seymour S. Owens, Albert E. Butler,* for appellants.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, H. Perry Michael, Assistant Attorneys General, S. F. Memory,* for appellees.