48478. GARRETT v. PANACON CORPORATION et al.

642

Argued September 13, 1973 — Decided January 9, 1974 — Rehearing denied January 25, 1974 —

*Mitchell, Mitchell, Coppedge & Boyett, William T. Boyett, Spears, Moore, Rebman & Williams, L. Hale Hamilton,* for appellant.

*Temples & Adams, Robert B. Adams,* for appellee.

HALL, Presiding Judge. 1. Here, appellant urges that her suit states a cause of action under the 1968 amendment to Code Ann. § 105-106, and that this is *not* a suit brought under the rule that a contractor may be liable for defective work even after the owner has accepted the work provided the defect is inherently or imminently dangerous. For this reason, her complaint is said to state a cause of action despite her failure to allege the inherent or imminent dangerousness of the defect. Panacon contests the applicability of the statute to these facts, arguing that the roofing material had been incorporated into the realty prior to the occurrence and thus was not personal property.

The general rule that privity is required in Georgia for tort actions in the products liability field is so shot through with exceptions and limitations as to undercut the privity requirement almost entirely where personal property is involved. E.g., *Simmons Co. v. Hardin,* 75 Ga. App. 420 (43 SE2d 553). See Annot., 74 ALR2d 1111, 1192, § 23. Similarly, the common law rule with respect to defective work on homes and other structures done by independent contractors or design engineers is that acceptance of the work by the owner cuts off the contractor's potential liability to injured plaintiffs unless there is a showing that the defect was inherently or imminently dangerous or a nuisance. *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1, 2-3 (153 SE2d 602); *Cox v. Ray M. Lee Co.,* 100 Ga. App. 333 (111 SE2d 246). With reference to seller-builders of homes and other structures the restrictions on tort recovery for negligent defects are even more stringent: "Absent fraudulent concealment of known defects, a seller-builder who

conveys the realty and improvements thereon after completion is not liable to the purchaser thereof for property damages allegedly resulting from negligent construction." *Welding Products of Ga. v. Kuniansky,* 125 Ga. App. 537, 538 (188 SE2d 278). The rule as to seller-builders is "caveat emptor." *Dooley v. Berkner,* 113 Ga. App. 162 (147 SE2d 685); see *Welding Products of Ga. v. S. D. Mullins Co.,* 127 Ga. App. 474 (193 SE2d 881).

We find no case in which, for example, a homeowner successfully sued the manfacturer of property which had been installed and had become affixed to the realty, for negligent defects in the item; however *Elrod v. King,* 105 Ga. App. 46 (123 SE2d 441) strongly suggests that the general demurrer of the furnace manufacturer was sustained only because the manufacturer was insulated from liability by the supervening negligence of the furnace installer whose failure to discover the defect proximately caused plaintiff's damages. There, of course, the furnace had become part of the realty, as it had in *Chitty v. Horne-Wilson, Inc.,* 92 Ga. App. 716 (89 SE2d 816). In the latter case though plaintiff was held to have stated a cause of action, "the defendants were not the manufacturers and therefore were not liable for the defective construction of the furnace." Id., p. 720.

The principles and authorities cited in the preceding paragraphs are generally those urged on this appeal by Panacon as controlling here. Appellant, however, grounds her case in the argument that the 1968 amendment created a statutory tort liability in her favor against Panacon as manufacturer of personal property, the roofing, the defective condition of which proximately caused her injuries. The applicability of the statute to undisputed "personal property" is clear. *Shell v. Watts,* 125 Ga. App. 542 (188 SE2d 269). Panacon responds that at the time of the injury the roofing had been placed on the building, becoming part of the realty, and therefore the statute has no applicability. Neither side presents Georgia authority in support of its position, and we have found none construing the statute in this respect.

The development of products liability law in Georgia, as contrasted with other jurisdictions, is outlined in Taylor, Georgia's New Statutory Liability for Manufacturers: An Inadequate Legislative Response, 2 Ga. L. Rev. 538, which culminates in a discussion and criticism of the 1968 amendment to Code Ann. § 105-106 on the ground that it is not sufficiently far reaching to accomplish its probable goal of "the creation of strict liability against a manufacturer of defective goods." *Id.,* p. 570. The author

posits that the statute should apply not only to manufacturers but to all merchants; that it should expressly drop the requirement for proof of negligence in furnishing defective goods; that it should not apply only to sales of new property but should cover sales of used property as well. No doubt the reason the author did not additionally deplore the possibility that the statutory language "personal property" would, most inappropriately, import the law of fixtures into the law of products liability, is that it did not occur to him that such a construction would seriously be urged. In any event, such a construction does not recommend itself to us. Products liability law in Georgia is a patchwork of certain hurdles and uncertain remedies for an injured plaintiff. On top of this complexity and in the absence of any requirement to do so, we decline to add yet another issue of mixed law and fact, namely, whether or not the defective item has been or has not been incorporated into the realty.

We rule that it was the intention of the legislature in using the phrase "personal property" to eliminate from the operation of the statute the sale of buildings by those who might with respect to them be regarded as manfacturers, and thereby to retain with respect to the sale of real property the rules discussed above requiring fraud to overcome the normal rule of caveat emptor.[1] Under this interpretation, with respect to personal property such as roofing, it matters not at all whether such is subsequently installed in a building.

Appellant's complaint as amended is adequate to state a cause of action against the manufacturer under the statute, and factual issues remain to be determined. Accordingly the trial court erred in granting summary judgment for Panacon.

2. Panacon has moved to dismiss the appeal on the ground that appellant took action inconsistent with an intent to prosecute the appeal by filing with the court a voluntary dismissal of the action against Panacon one-half minute after the filing of Panacon's summary judgment order. (Had the attempted dismissal been filed

---

[1] We note here that in some other jurisdictions real property sales have been held covered by products liability concepts when the defective condition of the structure or its components occasions damage. See 63 AmJur2d 18, Products Liability, § 8; Annot., 25 ALR3d 383; Prosser, Torts (4th Ed.) 680-682. The appeal before us does not present this question for decision.

before the judgment, it would have dismissed the case. See Code Ann. § 81A-141 (a); *Wilson v. Matthews,* 120 Ga. App. 284 (170 SE2d 346). Coming after the entry of judgment, it cannot have this effect.) Panacon cites in support of its position *Davis v. Ware County Bd. of Ed.,* 227 Ga. 41 (178 SE2d 857), which we find inapposite because it concerned an attempt to prosecute the same claim simultaneously in two different courts—a situation wholly unlike that presented here. Nor does *Hartell v. Searcy,* 32 Ga. 190, require that this motion to dismiss be granted. The notice of this appeal was timely filed; both parties have submitted multiple briefs; both parties have orally argued their positions; our decision herein on the merits is that the judgment of the trial court was erroneous and will be reversed. The appeal has not been abandoned, and the motion to dismiss is hereby denied.

*Judgment reversed. Motion to dismiss denied. Evans and Clark, JJ., concur.*