## 49211. FINLEY et al. v. FRANKLIN ALUMINUM COMPANY et al.

CLARK, Judge.

This is an appeal by two plaintiffs from judgments rendered upon verdicts for defendants in their suits which had been consolidated for trial. In these suits plaintiffs sought recovery of damages for personal injuries sustained from a head-on collision between the automobile in which they were riding and a truck owned by defendant Franklin Aluminum Co. and driven by its co-defendant employee. Each party contended the driver of the other vehicle was on the wrong side of the highway at the time of the occurrence. Initially there were 19 enumerations of error but those numbered 5, 6, 7, 8, 9, 10, and 12 have been expressly abandoned. Those seven enumerations dealt with alleged errors in the judge having declined specific requests to charge. We will consider the remaining twelve enumerations in numerical sequence.

1. The first two enumerations deal with the overruling of two motions for continuance. These were independent motions made by plaintiffs at the time defendants presented separately two witnesses whose names had not been listed in answers to interrogatories. Both appellants and appellees have argued the applicability of *Nathan v. Duncan,* 113 Ga. App. 630 (7) (149 SE2d 383) and *Jones v. Atkins,* 120 Ga. App. 487 (171 SE2d 367). The briefs for both parties additionally

present their respective interpretations of those interrogatories and answers. But neither the interrogatories nor the answers are contained in the appeal record. We are therefore unaware of what "witness" questions plaintiffs propounded as well as the contents of defendants' answers. Our position therefore is in the stance stated thusly in *Maloy v. Dixon,* 127 Ga. App. 151, 153 (193 SE2d 19): "[C]ertain of the enumerations of error are dependent upon matter to be found only in the interrogatories and answers, in the deposition, or by assertions in appellants' brief. The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error. [Cit.]" Accordingly, we must rule adversely to appellants on these two enumerations of error as "The burden is on the party alleging error to show it affirmatively by the record." *Shepherd v. Shepherd,* 225 Ga. 455, 457 (169 SE2d 314).

2. Ground number 3 asserts the court erred in "ruling inadmissible the results of a chemical test performed by Albert D. Poulin." This was an expert witness who had conducted a laboratory study of the chemical contents of skid mark scrapings. These samples had been taken from the highway pavement more than 90 days after the occurrence. The transcript disclosed that thousands of vehicles daily traversed this highway. "In view of the presumption of the persistence of conditions of a continuing nature once shown to exist, evidence of the condition of a place at or from which an injury for which damages are sought is alleged to have occurred, within a reasonable time prior to such injury, is admissible in a proper case to show the character or condition of the place at the time of the injury, provided the condition or circumstances have not been materially changed in the interim. If the time is too remote, such evidence will be rejected. 45 C J 1238, § 801. *So far as the interval of time is concerned, no fixed rule should be laid down; the nature of the thing and the circumstances of the particular case must control. The matter should be left to the discretion of the trial court.* [Cits.]" (Emphasis supplied.) *Central of Georgia R. Co. v. Keating,* 45 Ga. App. 811, 815 (165 SE 873). The same rule is applicable

to situations in which evidence of a subsequent condition is proffered because "the disturbing contingency is that some circumstances operating in the interval may have been the source of the subsequent existence, and the propriety of the inference will depend on the likelihood of such intervening circumstances having occurred and been the true origin." 2 Wigmore on Evidence 413, § 437. See also *Big Apple &c. Market v. W. J. Milner & Co.,* 111 Ga. App. 282, 289 (141 SE2d 567). Under the circumstances of this case, the testimony of the expert was of such remoteness that there was no abuse of discretion in ruling the evidence inadmissible.

3. In the next enumerated error it is contended by appellants that the trial court erred in allowing a state trooper, presented by defendants as an expert witness, to give an opinion as to the location of the point of impact, the assertion being made that such opinion was not supported by the evidence. This suggestion is not meritorious. "[A] non-expert witness in expressing his opinion . . . must narrate the facts and circumstances upon which his conclusion is based, whereas an expert witness can express his opinion . . . upon proof being made that he was in a position to form an expert opinion, without the necessity of stating the facts forming the basis of his conclusion. [Cits.]" *Morgan v. Bell,* 189 Ga. 432, 437 (5 SE2d 897). As the trooper testified he investigated the accident shortly after it occurred, adequate proof was presented that he was in a position to form an expert opinion. Moreover, the trooper testified as to the location of the vehicles after the collision, the damaged areas on the vehicles, the absence of any skid marks for the automobile, and the apparent "locking" of the tractor-trailer's brakes. Thus, although it was not necessary, the trooper also stated the facts which formed the basis of his conclusion. See Green, Georgia Law of Evidence, § 111, in which the author states, "When an expert testifies to his opinion based upon facts which he has observed it is not necessary that the question propounded be stated hypothetically or that witness state factual foundation of his opinion."

4. The eleventh enumeration of error complains of the failure to give plaintiffs' request to charge number

25 which appellants assert in their brief "was a full, fair and complete charge on plaintiffs' claim for damages for a permanent decrease in their capacity to labor and earn money." The verdicts here were for defendants, and thereby established that plaintiffs had no right to any damages. Where a verdict is returned for defendant, errors, if any, in a charge, failure to charge, or denial of request to charge, which deal with damages are regarded as harmless and afford no ground for reversal. See cases cited in 3 Ga. Digest under Appeal and Error, Key 1068 (4) and in footnote on pp. 156, 157 of *Maloy v. Dixon,* 127 Ga. App. 150, supra.

5. Ground 13 urges that "the court erred in giving a charge to the jury that plaintiffs could be guilty of negligence per se in not dimming their headlights since there was not any evidence whatsoever before the court that they failed to do so." A reading of the court's instruction on this phase shows that the charge was made applicable to both parties. Thus, it would come within the rule stated in *Dantel Corp. v. Whidby,* 98 Ga. App. 119, 122 (5) (105 SE2d 242) that ". . . it is well settled that an irrelevant or inapplicable charge is not ground for reversal *unless* it is likely to have misled the jury or affected the verdict. [Cits.]" We hold this enumeration to be without merit.

6. Ground 14 charges the court erred in failing to charge on expert opinion evidence. In the absence of a request to charge on the subject of expert testimony, the failure to charge thereon is no cause for new trial. *Godwin v. Atlantic C. L. R. Co.,* 120 Ga. 747 (6) (48 SE 139); *Cameron v. State,* 111 Ga. App. 691, 692 (6) (143 SE2d 189).

7. Ground 15 contends "The court erred in refusing to charge the parties were bound by the pleadings." In the absence of a request to charge on this issue there is no error. " 'If a party desires instructions to the jury touching admissions made in the other party's pleadings, he should present a proper request therefor.' [Cit.]" *Georgia Power Co. v. Rabun,* 111 Ga. App. 63, 68 (3) (140 SE2d 568).

8. The 16th ground contends the court should not have excused a juror who was an employee of the

defendant. "An employee is not a competent juror to try a case in which his employer is a party." *Atlantic C. L. R. Co. v. Bunn,* 2 Ga. App. 305 (2) (58 SE 538). See also *Seaboard C. L. R. Co. v. Smith,* 131 Ga. App. 288. Therefore, it was not error to excuse a juror employed by the defendant corporation.

9. The 17th enumeration of error urges that the court erred in refusing to allow one of the plaintiffs to testify as to his prospects of receiving a raise in pay. As the jury found no liability on the part of the defendants, any erroneous rulings on questions and issues of damages would be harmless error. *Hieber v. Watt,* 119 Ga. App. 5 (6) (165 SE2d 899).

10. Ground 18 contends the court erred in ruling out the testimony of plaintiff's witness Robert Anderson. Although this testimony was originally excluded it was subsequently admitted after the withdrawal of defense counsel's objection. Any error which may have been committed was thus made harmless. *Holderness v. Hutcheson Mfg. Co.,* 25 Ga. App. 612, 613 (3) (103 SE 838).

11. Having reviewed the court's charge in its entirety, we find the final enumeration concerning imputation of negligence from one plaintiff to another, to be without merit.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED APRIL 1, 1974 — DECIDED MAY 1, 1974 — REHEARING DENIED JUNE 12, 1974.

*Parker & O'Callaghan, James I. Parker, L. B. Kent,* for appellants.

*Richter & Birdsong, A. W. Birdsong, Jr.,* for appellees.