## 51941. DARGAN, WHITINGTON & CONNER, INC. et al. v. KITCHEN.

MARSHALL, Judge.

This appeal is from judgments entered separately against an employer and its employee by default for various procedural reasons. The suit was brought by Kitchen for personal injuries he received from an alleged physical assault and some slanderous remarks made by Sprayberry, who was an employee of Dargan, and who was alleged to be engaged in Dargan's business at the time of the tortious conduct.

Kitchen filed his complaint on May 10, 1974, against both Dargan and Sprayberry. Process was served only upon Dargan on May 14, 1974. The return indicates that

no service was attempted or made upon Sprayberry. On June 17, 1974, an answer was filed on behalf of both Dargan *and* Sprayberry. The answer was filed on the 33rd day following service upon Dargan. On July 19, 1974, some 55 days after service, Kitchen moved to strike the answer as being untimely filed, with no request for delay, or payment of costs.

On February 26, 1975, the motion to strike the defensive pleading was granted and a default judgment as to liability was entered as to *Dargan* only. No further defensive pleadings were filed by Sprayberry, nor did he contest the jurisdiction of the court over his person following the striking of the joint defensive pleadings. When the case came on for trial on September 18, 1975, the trial court, in the absence of defensive pleading entered a default judgment as to liability against Sprayberry, as well, and submitted to the jury the question of damages only, as to both Dargan and Sprayberry. Neither Dargan nor Sprayberry was present at the trial though they were represented by the same counsel.

Following the verdict for $16,000 against both defendants, the court on September 18, 1975, made the verdict its judgment. Dargan *only* filed a motion for new trial on September 18, 1975, stating the general grounds. The motion for new trial as to Dargan was denied on November 24, 1975. Sprayberry did not move for a new trial, nor take any other individual action following the verdict and judgment against him.

On December 18, 1975, a joint notice of appeal was filed on behalf of both Dargan and Sprayberry. As to Dargan, the notice of appeal was filed 24 days following the denial of its motion for a new trial. As to Sprayberry, the notice of appeal was filed 90 days after the entry of the judgment of the court.

Appellants enumerate some six alleged errors dealing with the entry of the default judgment against Sprayberry (1), the charge of the court (2, 3 and 4), alleged excessive damages (5), and the failure to grant Dargan's motion for new trial (6). *Held:*

1. Appellants in this record have consistently followed a course of presenting "too little too late."

The default judgment against Dargan cannot be questioned; its defensive pleadings were stricken for late filing of an answer. The default judgment against Sprayberry is questioned on appeal on the ground the court never had jurisdiction over him because of failure of service of process. However, no objection was taken to this failure either by motion or when defensive pleadings were filed jointly on behalf of both defendants. Any insufficiency of process as to Sprayberry was waived under Sections 12(b) and (h)(1) of the Civil Practice Act. Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693 (Code Ann. § 81A-112 (b), (h)(1)). *Matthews v. Fayette County,* 233 Ga. 220, 221 (210 SE2d 758). Once having submitted himself to the jurisdiction of the court, he was subject to its orders and judgments and bound to respect and observe them. *Sorrells v. Cole,* 111 Ga. App. 136, 139 (141 SE2d 193).

When the defensive pleading filed on behalf of both defendants was stricken no motion or objection was taken by either defendant. For a period of seven months, Sprayberry was before the court pending trial, but without separately filing defensive pleadings to restore his defensive posture. At the trial itself no objection was taken to the entry of default judgment against Sprayberry. Where the defensive pleadings had been stricken and no amendment or new pleadings offered, it was proper for the trial court to direct the verdict as to liability for Kitchen, since by operation of law the case was in default as to both defendants. *Terry v. Associates Discount Corp.,* 110 Ga. App. 474 (3) (138 SE2d 922); *Haney v. Brownlee,* 102 Ga. App. 424 (116 SE2d 347).

Furthermore, the judgment against Sprayberry cannot now be contested on appeal. Following the verdict and judgment on damages, Dargan *only* filed a motion for new trial, but limited it to the general grounds. Sprayberry took no action for 90 days. It was only then that the notice of appeal was filed, raising for the first time the alleged error of failure of service. Sprayberry failed to file his notice of appeal within the 30-day period demanded by Ga. L. 1973, pp. 303, 304 (Code Ann. § 6-802); Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077 (Code Ann. § 6-803 (a)) or seek any

extension as provided by Ga. L. 1965, pp. 18, 21 (Code Ann. § 6-804). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this court. The failure to file such notice requires, as to Sprayberry, that the judgment below stand as rendered by the trial court. *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530); *Hicks v. Maple Valley Corp.,* 223 Ga. 69 (153 SE2d 547); *Shannon Co. v. Heneveld,* 135 Ga. App. 252 (217 SE2d 424). See also: *Fastenberg v. Associated Distributors,* 134 Ga. App. 213 (213 SE2d 898); *Hearn v. DeKalb County,* 118 Ga. App. 730 (165 SE2d 467); *Smith v. Smith,* 113 Ga. App. 111 (147 SE2d 466); *Terry v. Associates Discount Corp.,* 110 Ga. App. 474 (3), supra.

2. The remaining enumerated errors are raised by Dargan. Enumerations of error 2 and 4 deal with that part of the charge of the court dealing with the issues of default and liability and the alleged undue highlighting of plaintiff's evidence. Appellant Dargan complains that the court unduly emphasized the pleadings and contentions of Kitchen, repeatedly mentioning the default as to liability, the amount demanded and other parts of the plaintiff's case. We cannot ignore that this case not only was in default but all defensive pleadings had been removed from the case. Thus there were no defense contentions nor pleadings to which the trial judge could resort. He clearly prefaced his charge with the admonition that he was going to state Kitchen's contentions since he did not intend to let the jury have the pleadings. As we read the charge of the court, we find no irregularity in his statement of the contentions of the plaintiff Kitchen or in his reading from parts of those pleadings. *Wright v. Dilbeck,* 122 Ga. App. 214 (176 SE2d 715). See also *F. N. Roberts Corp. v. Southern Bell Tel. & Tel. Co.,* 132 Ga. App. 800 (209 SE2d 138).

The third enumeration complains the trial court erred in instructing the jury that there was uncontradicted evidence of medical damages for $40, requiring the jury to return a verdict in at least an amount of $40. Appellant cites cases indicating such a charge not only expresses an opinion by the trial court but tends to invade the province of the jury. *Ga. Co-operative Fire Assn. v. Lanier,* 1 Ga. App. 186, 188 (57 SE 910); *Ozimore*

*v. Coram,* 133 Ga. 250 (65 SE 448). In each of those cases it was held error for the trial court to, in effect, state the maximum reasonable amount authorized by the evidence and to tell the jury to start their deliberations with that amount.

In this case the trial court simply recognized what amounted to liquidated damages in a suit in which liability was established. The court would have been warranted in directing a verdict for that amount. However, Kitchen's prayer was not limited to special damages, but extended to exemplary damages as well. Even if we were to assume it to be error for the trial court to require the jury to return a verdict for $40, it would have been an error in favor of Dargan, as tending to reduce the size of Kitchen's verdict. Such error would be harmless in view of the actual verdict of $16,000, principally made up of lost wages and recompense for pain and suffering. *Fuller v. Fuller,* 109 Ga. App. 386 (136 SE2d 461). Enumerations 2, 3 and 4 are without merit.

3. The fifth enumeration alleges the damages are excessive. Kitchen established $40 in medical bills, and slightly in excess of $10,000 in lost wages. Since these do not total $16,000, ergo appellant contends the damages are excessive.

Appellant fails to grapple with the allegations of pain and suffering. "The law fixes no measure for pain and suffering except the enlightened conscience of impartial jurors, and perhaps the force of the complaint that the verdict is too large would be weakened if any one of us could substitute ourselves for the plaintiff in any particular case, and were forced ourselves to endure the suffering that the plaintiff endured. In any event, in the absence of plain proof that the verdict was the result of prejudice or bias, this court will not interfere." *City of Rome v. Davis,* 9 Ga. App. 62, 67 (70 SE 594). See also: *National Trailer v. Sutton,* 136 Ga. App. 760, 764 (222 SE2d 98). This enumeration likewise is without merit.

In view of the discussion hereinabove, there is no merit to the contention of the sixth enumeration of error pertaining to the failure to grant the motion for new trial on general grounds.

*As to appellant Sprayberry, his appeal is dismissed*

*for failure to file a timely notice of appeal. As to appellant Dargan, the judgment of the trial court is affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED MARCH 1, 1976 — DECIDED APRIL 21, 1976.

*W. Davies Owens,* for appellants.
*Berthold & Gordon, Richard A. Gordon,* for appellee.