52732, 52959, 52960, 52961. PATTERSON v. PROFESSIONAL RESOURCES, INC. (four cases).

WEBB, Judge.

1. The order appealed from in No. 52732 shows on its face that it was signed and entered on April 23, 1976. The notice of appeal was filed May 26, 1976. Appellant's motion for the trial court to correct the entry of the order to reflect that it was actually signed and entered on April 26, 1976 was denied. The record and trial judge's certificate dated August 4, 1976, specifically refer to the final order

"entered April 23, 1976." Consequently, we must grant the motion to dismiss the appeal as not timely filed pursuant to Code Ann. § 6-803. *Wilson v. Coite Somers Co.,* 138 Ga. App. 455 (226 SE2d 277) (1976).

2. Mrs. Patterson appeals in No. 52959 from the order and judgment entered by the trial court on June 22, 1976, dismissing her May 26 appeal as not timely filed, complaining that after the filing of her notice of appeal that court lost jurisdiction to issue such order. Where the notice of appeal is filed too late this court is without jurisdiction to entertain it. *Hull v. Campbell,* 130 Ga. App. 637 (204 SE2d 312) (1974); *Dargon, Whitington & Conner v. Kitchen,* 138 Ga. App. 414, 417 (1) (226 SE2d 482) (1976). Since the Court of Appeals never had jurisdiction it remained in the trial court. "In other words, unless the jurisdiction of the appellate court is invoked within the 30-day period following the filing of the judgment in the trial court by a party to the case, then the appellate court is without jurisdiction to review the judgment of the trial court; and the result is that the judgment of the trial court stands as rendered." *Wood v. Atkinson,* 229 Ga. 179, 181 (190 SE2d 46) (1972); *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530) (1972).

3. The appeal in Case No. 52960 contends that the court erred in its June 22 order by imposing sanctions for Mrs. Patterson's wilful misconduct in failing to respond to appellee's second interrogatories, and in striking her pleadings and entering default judgment against her on the appellee's counterclaim. She also protests the grant of a protective order to appellee as "frivolous and unnecessary," and the denial of her motions to dismiss appellee's second interrogatories and the counterclaim.

We find the arguments set forth in appellant's brief unpersuasive, and where, as here, the brief contains nothing more than a statement of contentions unsupported by citation of legal authority, the enumerations of error must be deemed abandoned under Rule 18 (c) (2) of this court. *O'Neal v. Haverty Furniture Cos.,* 138 Ga. App. 346 (226 SE2d 141) (1976).

4. Following the entry of the April 23 judgment Mrs. Patterson attempted to voluntarily dismiss her complaint. Service of a copy of the voluntary dismissal

was not made on appellee until April 27, at which time its counterclaim for money had and received had been pending for more than four months. On May 14 appellee filed its objection to and motion to strike the dismissal. On June 22, after receipt and consideration of briefs and exhibits, the trial court entered the order sustaining appellee's objection to the dismissal, from which the appeal in No. 52961 is taken.

(a) The trial court resolved the factual issues, as is its duty (Code Ann. § 6-805 (f)), and found as a fact that the voluntary dismissal was filed after entry and filing of the final order and judgment of April 23. Hence the attempted voluntary dismissal was ineffective and nugatory. Code Ann. § 81A-141 (a); *Cooper v. Rosser,* 233 Ga. 388 (1) (211 SE2d 303) (1974); *Garrett v. Panacon Corp.,* 130 Ga. App. 641, 645 (2) (204 SE2d 354) (1974); *Jones v. Jones,* 230 Ga. 738, 739 (2) (199 SE2d 239) (1973) (complaint does not stand dismissed until the opposing party is *served* with written notice of voluntary dismissal).

(b) Mrs. Patterson again urges that the April 23 order was actually physically signed and entered on April 26. Her counsel has filed three motions to correct the record, eight appellate briefs, and argued the point twice before this court in spite of the fact that the trial court reiterated six times in its certificate and subsequent judgments that the order was entered April 23, 1976.[1] This issue has been resolved adversely to her by this court in two previous appeals. See Divisions 1 and 2, supra. "The burden is on the party alleging error to show it affirmatively by the record." *Shepherd v. Shepherd,* 225 Ga. 455, 457 (169 SE2d 314) (1969). "The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error." *Finley v. Franklin Aluminum Co.,* 132 Ga. App. 70, 71 (207 SE2d 543) (1974); *Jahncke Service, Inc. v. Dept. of Transportation,* 134 Ga. App. 106, 107 (213 SE2d 150)

---

[1] The records in the four appeals, including enumerations of error, transcript of hearings, certificates of the trial judge, motions and briefs, contain 30 separately filed documents.

(1975). The trial court having submitted certification and supplemented the record with findings of fact and conclusions of law pursuant to Code Ann. § 6-805 (f) and (g), the matter is concluded on appeal despite the attorney's challenge in his briefs and oral arguments to the correctness of the information. *Patterson v. State*, 233 Ga. 724, 731 (213 SE2d 612) (1975); *Bradley v. Bradley*, 233 Ga. 83, 86 (210 SE2d 1) (1974). We decline to consider it further and expressly disapprove the practice utilized here of piecemeal and repetitious appeals from the same case which would have been better served by consolidation.

*Appeal dismissed in case No. 52732. Deen, P. J., and Quillian, J., concur. Judgments affirmed in Nos. 52959, 52960 and 52961. Deen, P. J., and Smith, J., concur.*

52732, ARGUED SEPTEMBER 15, 1976; 52959, 52960, 52961, ARGUED OCTOBER 5, 1976 — DECIDED OCTOBER 19, 1976 — REHEARING DENIED NOVEMBER 4, 1976 — 

*Moffett, Henderson & Bishop, F. Glenn Moffett, Jr., David H. Lanner,* for appellant.

*Richard C. Freeman, III, Myles E. Eastwood,* for appellee.

ON MOTION FOR REHEARING.

We deny the appellant's motion for rehearing, which raises no new issues. "An able jurist, Justice Sam Erwin of the Supreme Court of North Carolina, later elected to the United States Senate, equates the mandate of the Magna Carta, 'To no one will we deny justice, to no one will we delay it' with the law's policy against piecemeal appellate review: 'There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders.' " *Hobgood v. Mitchell,* 119 Ga. App. 827 (169 SE2d 173) (1969).