**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 4, 2024**

# In the Court of Appeals of Georgia

A24A0439. FINNEGAN v. THE STATE.

DILLARD, Presiding Judge.

Following a jury trial, Justin Finnegan appeals several convictions and his sentence for offenses involving kidnapping, drug possession, and domestic violence. Specifically, Finnegan argues that (1) as to the kidnapping charge, his trial counsel was ineffective for requesting a defense-of-others jury instruction, rather than an "omnibus-justification" charge; and (2) the trial court erred by imposing separate sentences for two separate counts containing identical allegations—except for the dates on which the crimes occurred. For the following reasons, we affirm Finnegan's convictions, but vacate his sentence and remand for resentencing in a manner consistent with this opinion.

Viewing the evidence in the light most favorable to the jury's verdict,[1] the record shows[2] that in 2019, Finnegan met S. B. online, and eventually, he asked if she wanted to meet him to smoke marijuana. S. B. agreed, and she then went to Finnegan's home where he lived with his father and brother. Once she arrived, Finnegan and S. B. "smok[ed] weed, snort[ed] Xanax, and [had] sex." According to S. B., she "never really left [his house] after that." And during her time there, S. B., Finnegan, and Finnegan's brother regularly did drugs together.

On June 17, 2021, S. B. decided to leave Finnegan's house and "get high somewhere else." So, she ordered an Uber and attempted to hide her phone from Finnegan to keep him from discovering her plan. But Finnegan did find out and he refused to let her leave the house when the Uber arrived. S. B. then went into "panic mode" and repeatedly attempted to go up the stairs and leave through the front door; but Finnegan followed her and "pushed [her] back in the house." After he did so, S.

_____

[1] *See, e.g.*, *Craw v. State*, 369 Ga. App. 231, 231 (893 SE2d 134) (2023).

[2] As discussed below, Finnegan was convicted of various criminal offenses involving the same victim, but which occurred on more than one occasion. On appeal, other than challenging his sentence, Finnegan's only claim of error relates to his kidnapping offense, which the indictment alleged occurred on June 17, 2021. So, for the sake of efficiency, we recount only the underlying facts related to the kidnapping conviction.

B. went back down the stairs and tried to leave through a sliding glass door; but once again, Finnegan prevented her from doing so. Indeed, every time S. B. came close to exiting the house or was able to do so, Finnegan "would [push] her back in." And each time S. B. was able to get outside of the home, Finnegan "would tackle [her] from behind and just stay on top of [her]."

According to S. B., she wanted to leave because she was going to another man's house to buy drugs, and she needed to get away from Finnegan. One time, S. B. almost made it to the Uber, but Finnegan was able to pull her back into the house yet again. And once inside, Finnegan got on top of S. B., and she began screaming. Presumably, the Uber driver called 911; but in any event, police officers arrived and told Finnegan and S. B. to open the front door or they would kick it down. Finnegan complied, and let the officers inside the home. Then, after discovering drugs, police obtained a search warrant, and ultimately, arrested both S. B. and Finnegan.

Later, Finnegan was charged, via indictment, with kidnapping, possession of a schedule II controlled substance, violating a family-violence order (two counts), aggravated assault family violence, false imprisonment, possession of methamphetamine, and simple battery family violence. Following trial, Finnegan was

convicted of the foregoing offenses.[3] Finnegan then filed a motion for a new trial, which the trial court denied after a hearing. This appeal follows.

1. Finnegan argues his trial counsel was ineffective for requesting a jury instruction on defense of others under OCGA § 16-3-21 instead of an "omnibus-justification" charge under OCGA § 16-3-20 (6).[4] We disagree.

To prevail on a claim of ineffective assistance of counsel, a claimant must show "both that counsel's performance was deficient and that the deficient performance prejudiced [him]."[5] And as to deficient performance, a claimant must show that "his attorney performed at trial in an objectively unreasonable way considering all the

---

[3] Finnegan was also charged with three other offenses involving S. B. or drugs, but he was acquitted of those charges.

[4] As discussed *infra*, Finnegan argues he was justified in restraining S. B. from leaving his home because she "was on the verge of engaging in inherently dangerous behavior—having sex and doing drugs with someone she did not know." Setting aside that having sex and doing drugs with a stranger is the how *he* met S. B., Finnegan fails to acknowledge the dangerous situation she was already in with him violently attacking her while she was attempting to leave him.

[5] *McAllister v. State*, 351 Ga. App. 76, 93 (6) (830 SE2d 443) (2019) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984)).

circumstances and in the light of prevailing professional norms."[6] Importantly, when reviewing counsel's performance, we apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance."[7] Indeed, in order to demonstrate that he was prejudiced by the performance of his counsel, a claimant "must prove a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8] With the foregoing in mind, we turn to Finnegan's specific claim of error.

---

[6] *Jackson v. State*, 306 Ga. 266, 272 (5) (830 SE2d 99) (2019) (punctuation omitted); *accord Romer v. State*, 293 Ga. 339, 344 (3) (745 SE2d 637) (2013).

[7] *Jackson*, 306 Ga. at 272 (5) (punctuation omitted); *accord Romer*, 293 Ga. at 344 (3).

[8] *Jackson*, 306 Ga. at 272 (5) (punctuation omitted); *accord Arnold v. State*, 292 Ga. 268, 269 (2) (737 SE2d 98) (2013).

At trial, Finnegan's counsel requested a defense-of-others jury instruction, under OCGA § 16-3-21,[9] as to the kidnapping charge, and that request was denied.[10] And during the motion-for-new-trial hearing, Finnegan's counsel agreed there was a "problem" with the defense-of-others instruction because that statute applies only when an imminent threat is involved; and no such threat existed when Finnegan kidnapped S. B. As a result, Finnegan now argues his trial counsel was ineffective for failing to request an "omnibus-justification" jury instruction under OCGA § 16-3-20 (6).[11] But Finnegan abandoned this claim by failing to support it with citations to the

---

[9] *See* OCGA § 16-3-21 (a) ("A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force; however, except as provided in Code Section 16-3-23, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself or a third person or to prevent the commission of a forcible felony.").

[10] Neither Finnegan nor the State provide a record citation to where Finnegan's counsel requested this jury charge, but it is undisputed that he did so. And at the motion-for-new-trial hearing, Finnegan and the State indicated that the charge conference was not transcribed. Regardless, given the deficiencies in Finnegan's appellate brief discussed *infra*, a transcript of the charge conference is not necessary to resolve this appeal.

[11] *See* OCGA § 16-3-20 (listing five different circumstances in which a person may assert justification as a defense under the statute and providing in the sixth

record or any legal authority.[12] Indeed, although Finnegan—in the two pages he devotes to this claim—recites the basic standard of review for ineffective-assistance-of-counsel contentions under *Strickland*, he fails to provide any meaningful argument as to the specific the facts of this case or statute at issue.[13]

Finnegan further argues that he was justified in violently attempting to prevent S. B. from leaving his home because he believed that he was saving her from another potentially dangerous situation—*i.e.*, meeting someone she did not know to obtain drugs in exchange for sex. But again, he provides no record citations to evidence presented at trial to show that was her plan; and in any event, he cites no legal authority establishing that—even if his belief were correct—it would warrant a justification defense under OCGA § 16-3-20 (6). In fact, Finnegan provides no legal authority as to the circumstances under which that statute applies. Finally, it strains

---

subsection that "[t]he fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct[,] [and] [t]he defense of justification can be claimed . . . [i]n all other instances which stand upon the same footing of reason and justice as those enumerated in this article").

[12] *Supra* notes 14-16.

[13] *Supra* notes 14-16.

credulity to accept Finnegan's contention that he was justified in preventing S. B. from engaging in *potentially* dangerous conduct by violently attacking her.

As we have previously explained, an appellant abandons a claim of error when he provides only citations to the most basic legal authority but no Georgia law to support his *specific* claim of error.[14] Suffice it to say, mere conclusory statements are "not the type of meaningful argument contemplated by our rules."[15] Simply put, by failing to make any meaningful legal argument or provide record citations to support

---

[14] *See Seals v. State*, 350 Ga. App. 787, 789 (1) (830 SE2d 315) (2019) (holding that a claim of error was abandoned when the only legal authority cited by the appellant was the standard for considering the issue at hand); *Gunn v. State*, 342 Ga. App. 615, 623-24 (3) (804 SE2d 118) (2017) (holding that the appellant abandoned two claims of error when, beyond one or two case citations to "the most basic legal authority" as to the purpose of the legal rule at issue and the general standard applicable to claims of ineffective assistance of counsel, the appellant provided no legal authority to support his *specific* contentions as to how and why the trial court committed error).

[15] *Farmer v. Dep't of Corr.*, 346 Ga. App. 387, 394 (2) (816 SE2d 376) (2018); *Woods v. Hall*, 315 Ga. App. 93, 96 (726 SE2d 596) (2012) ("[A]n assertion of error followed by a case citation is *not* legal argument, which requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts." (punctuation omitted)).

this claim of error, Finnegan abandoned his argument that he received ineffective assistance of counsel in any respect.[16]

2. Next, Finnegan argues the trial court erred by imposing separate sentences for two counts in the indictment that made identical allegations except for the range of dates on which the crime was committed. The State agrees, and binding precedent requires that we do so as well.

Both Counts 4 and 5 of Finnegan's indictment charged him with violating a family-violence order. Specifically, Count 4 alleged that Finnegan

> between the 7th day of August, 2021, and the 12th day of August, 2021, in Cherokee County, Georgia, did then and there, knowingly and in a nonviolent manner violate a criminal family violence order, to wit: an order of pretrial release issued as a result of an arrest for an act of family violence, such order having been issued against said accused, which restricted him from any contact with [S. B.], by having direct in person

---

[16] *See Robinson v. Robinson*, 239 Ga. 323, 324 (1) (236 SE2d 660) (1977) (deeming argument abandoned for purposes of appeal when it was not supported by argument or citation of authority as required by rules); *Patterson v. Prof' Res., Inc.*, 140 Ga. App. 315, 316 (3) (231 SE2d 88) (1976) ("[When], as here, the brief contains nothing more than a statement of contentions unsupported by citation of legal authority, the enumerations of error must be deemed abandoned under Rule [25 (d) (1)] of this [C]ourt."); *see also* Ct. App. R. 25 (d) (1) (i) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

contact with [S. B.], contrary to the laws of this State, the good order, peace, and dignity thereof.

And the language in Count 5 is identical to that in Court 4, except for the range of dates on which the offenses allegedly occurred. And as noted *supra*, Count 4 alleged Finnegan violated a family-violence order between August 7, 2021, and August 12, 2021, while Count 5 alleged that he did the same between August 15, 2021, and October 20, 2021.

As rightly acknowledged by the State, under these circumstances, Georgia law prohibits the trial court from imposing separate sentences for each count unless the alleged dates are material to the allegations. So, if the counts in an indictment are "identical except for the dates alleged, and the dates were not made essential averments, only one conviction can stand."[17] Moreover, neither party has suggested

---

[17] *Thomas v. State*, 352 Ga. App. 640, 642-43 (1) (a) (835 SE2d 640 (2019); *see Dukes v. State*, 311 Ga. 561, 570-72 (1) (858 SE2d 510) (2021) (holding that, as a matter of substantive double jeopardy, defendant's two convictions for illegal possession of a firearm must merge for sentencing purposes when the indictment alleged that the possession occurred at two different times, but did not allege that the times were material to the charged offenses); *State v. McCrary*, 259 Ga. 830, 830 (1) (388 SE2d 682) (1990) ("The three charges differed from one another only with respect to the averment of [the] date, and in none of the three was the date made an essential element. Since all the dates alleged fall within the period of the statute of limitation, only one sentence can be imposed." (punctuation omitted)); *Hammond v. State,* 368

that the dates alleged in Counts 4 and 5 were material or essential to the charge that Finnegan violated a family-violence order. And those counts in the indictment did not indicate the range of dates at issue were material to the charges.[18] As a result, under

Ga. App. 277, 280-82 (1) (890 SE2d 40)(2023), *cert. denied* (Dec. 19, 2023) (holding trial court did not err in merging three child-molestation convictions for sentencing purposes when the charged offenses occurred in "different respective periods of time" and the indictment did not allege those times were material to the charges, noting that "[l]ong-standing precedent in this Court and in the Supreme Court does not permit us to abridge a defendant's double jeopardy protections"); *Quantanilla-Solis v. State*, 367 Ga. App. 397, 406 (5) (b) (885 SE2d 323) (2023), *cert. denied* (Oct. 11, 2023) (holding the trial court erred by sentencing defendant on two counts of child molestation indictment are identical, except for the dates, which were not alleged to be material"); *Jones v. State*, 333 Ga. App. 796, 800 (2) (777 SE2d 480) (2015) ("[D]ates alleged in Counts 5 and 6 were not made material averments of the indictment, and therefore [defendant] may be sentenced on only one of the two counts."). The State contends this point of law should be revisited because if an offense occurred on different occasions, it logically follows that they were separate offenses. But as the State rightly acknowledges, we are bound by cases of our Supreme Court affirming the current law on this issue. *See Thompson v. State*, 358 Ga. App. 553, 557 (1) (855 SE2d 756) (2021) ("Although [the appellant] argues that this well settled authority should no longer be followed in Georgia, we are bound by the opinions of the Supreme Court."); *Whorton v. State*, 321 Ga. App. 335, 339 (741 SE2d 653) (2013) (noting that "vertical stare decisis dictates that we faithfully adhere to the precedents established by the Supreme Court of Georgia").

[18] *See Thomas*, 352 Ga. App. at 642 (1) (a) ("It is a longstanding principle of Georgia law that a date or range of dates alleged in an indictment, without more, is not a material allegation of the indictment, and, consequently, *unless the indictment specifically states that the alleged dates are material*, the State may prove that the alleged crime was committed on any date within the statute of limitation." (emphasis supplied)).

these circumstances, the trial court erred in imposing separate sentences for Counts 4 and 5. Consequently, we vacate Finnegan's sentence and remand for resentencing in a manner consistent with this opinion.

For all these reasons, we affirm Finnegan's convictions, vacate his sentence, and remand for resentencing in a manner consistent with this opinion.

*Judgment affirmed, sentence vacated in part, and case remanded for resentencing. Brown and Padgett, JJ., concur.*